CHARLES CARROLL, Chief Judge.
This appeal is by the defendant below from an adverse judgment in the amount of $7,500 based on a jury verdict.
The plaintiffs were owners of property fronting on a canal. Some six days after the defendant, with the use of pile driving equipment, removed the seawall at the canal frontage of an adjacent lot, the plaintiffs’ seawall collapsed. The plaintiffs’ complaint and the judgment were on the basis and theory that in removing the seawall on the adjacent property the defendant proceeded in a negligent manner which proximately caused the collapse of plaintiffs’ seawall.
At the trial the defendant moved for directed verdict at the close of the plaintiffs’ case and again at the close of all of the evidence. After verdict the defendant moved for judgment in accordance with its motion for directed verdict, and moved for new trial. Denial of those motions was assigned as error.
We have considered the appellant’s contention that the evidence was insufficient to sustain the verdict and judgment, and find it to be without merit. On the evidence presented the jury was entitled to find in favor of the plaintiffs on the questions of negligence and causation.
We have considered also the contention of the appellant that the verdict was induced by passion and prejudice. In our view the record does not furnish a basis for sustaining that contention.
We find merit in the argument of the appellant which challenges the order taxing costs against the defendant, which order was entered subsequent to the judgment and after the judgment had been paid and satisfied. Section 57-041 entitled “Costs; recovery from losing party,” provides as follows:
“(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
“(2) Costs may be collected by execution on the judgment or order assessing costs.”
Section 701.04 Fla.Stat., F.S.A. provides that “whenever the amount of money due on any mortgage, lien or judgment shall be fully paid to the person or party entitled to the payment thereof” it is the duty of the party receiving payment to satisfy the same by marginal entry on the record or by executing a written satisfaction of the mortgage, lien or judgment.
In this case judgment was granted on March 20, 1967, “for the sum of $7,500, together with costs to be hereinafter taxed by the court.” On April 13 the judgment was paid, and the plaintiffs gave a satisfaction which recited “the plaintiffs herein, do hereby acknowledge receipt of the sum of $7,500.00 from the defendant herein, in full and complete satisfaction of that certain final judgment entered in the above styled cause.” On the day on which the *59 satisfaction was given the plaintiffs filed a motion for the taxing of costs, and on April 25, 1967, the trial court entered an order taxing costs against the defendant in the amount of $119.92. In our view the payment and the satisfaction of the judgment which was given precluded the subsequent entry of an order or judgment for costs.
Accordingly, the judgment appealed from is affirmed, and the subsequent order for costs is reversed.
Affirmed in part and reversed in part.