*[633]
 
 TANZER, J.
 

 This is an equitable proceeding in which the Public Welfare Division (PWD) moved to vacate a satisfaction of judgment executed by Hansen in favor of respondent McKay, her former husband, and appeals the order denying its motion. Hansen and respondent were divorced in 1966, and the decree ordered respondent to pay to Hansen $100 a month for the support of their children. Respondent paid only $10 in child support between June 1966 and May 1976, and Hansen has regularly received some form of public assistance on behalf of her children since 1966 or before.
 

 On February 3, 1976, as a condition for continued eligibility for public assistance, Hansen assigned her support rights to the Public Welfare Division.
 
 [1]
 
 Thereafter, in May 1976, she executed a satisfaction of judgment reciting full satisfaction of respondent’s child support obligation under the divorce decree for a consideration of $10. Her accrued child support rights at that time amounted to approximately $12,000. The record does not indicate whether respondent had knowledge of the prior assignment when he obtained the satisfaction.
 

 
 *[634]
 
 1.
 
 Validity of the Assignment
 

 On February 3, 1976, Hansen signed a PWD form which stated:
 

 "I understand that as a condition of eligibility, I must assign my support rights to the Oregon Public Welfare Division.
 

 "I hereby assign my child support rights to the Oregon Public Welfare Division. I understand that failure to cooperate with any support requirements results in my ineligibility for public assistance.”
 

 The assignment is unambiguous on its face, and Hansen’s testimony indicates that she signed it voluntarily and understood its meaning. There was no duress or fraud by the state in obtaining the assignment. The trial court found that the state was obliged by virtue of 42 USC § 602
 
 [2]
 
 to inform Hansen that she was not required to sign the assignment and that she would not forfeit benefits if the assignments were not in the best interests of her children. The finding is erroneous for several reasons. First, this case is controlled by state law. Federal law controls federal
 
 *[635]
 
 financial participation and is relevant in the construction of state law, but ORS 418.042 controls. Even if the federal law were in some degree incorporated into state law, however, there is still no showing of any reason why it would be in the "best interests” of the children to allow their father not to support them and therefore there is no reason to believe the statutory exception to be material in this case. Furthermore, the "best interests of the child” exception applies only to subsequent, post-assignment cooperation by the recipient of public assistance as required by subsection (B) of 42 USC § 602 (a)(26) rather than to the assignment itself as required by subsection (A). Therefore, at least as between PWD and respondent, the assignment is bona fide and valid.
 
 [3]
 

 2.
 
 The Scope of the Assignment
 

 Respondent concedes that the assignment, if valid, also operates prospectively to assign rights to support under the divorce decree which accrue after the date of assignment and during the period of continued public assistance. He contests, however, the inclusion within the assignment of the right to unpaid support which accrued prior to the assignment. The trial court agreed with respondent’s view.
 

 Two things, easily confused, must be kept distinct: (1) the assistance payments for which the state may be reimbursed, and (2) the assets to which the state may look for that reimbursement. The state may require reimbursement for assistance given after the effective date of ORS 418.042, July 1, 1975, but not for that given prior to. that date. As to payments after that date, it may seek reimbursement by requiring the assignment of any present or future rights to support. The accrued but unpaid support obligation had become
 
 *[636]
 
 a judgment by operation of ORS 107.135(2),
 
 [4]
 
 a judgment for support. The judgment was a present asset of Hansen’s at the time of the assignment which was included in the assignment of "my support rights.” This meaning of the phrase "support rights” is consistent with ORS 418.042 and the federal regulation, 45 CFR 232.11(a)(1), both of which require a recipient of aid to assign any rights to support "which have accrued at any time such assignment is executed.” Therefore, Hansen’s entitlement to $12,000 in accrued but unpaid child support was included within the assignment.
 

 3.
 
 The Effect of the Satisfaction on the Rights of the Assignee
 

 Where an assignor accepts payment in satisfaction of an obligation which has been assigned to another, the satisfaction is valid to the extent of payment made without notice of the assignment.
 
 Schumann v. Bank of California, N.A.,
 
 114 Or 336, 233 P 860, 37 ALR 1531 (1925);
 
 Meier v. Hess,
 
 23 Or 599, 32 P 755 (1893).
 

 8. There is no allegation or evidence that respondent had notice of the assignment when Hansen executed the satisfaction of judgment.
 

 «* * * [A]n assignment of a chose in action, made in good faith, for a sufficient consideration, and without intent to defraud creditors, or subsequent purchasers, is complete upon the mutual assent of the assignor and assignee, and does not gain an additional validity, as against third persons, by notice to the debtor * * *. Notice is indeed needful in order to charge the debtor with the duty of payment to the assignee, so that if, without notice, he pay the debt to the assignor, or to a subsequent assignee, or on a garnishee process, he will
 
 *[637]
 
 be discharged from the debt. * * *”
 
 Meier v. Hess,
 
 23 Or App at 603,
 
 quoted in Schumann v. Bank of California, N.A., supra.
 

 Although the satisfaction executed by Hansen recited $10 consideration, in fact there was no present consideration for the satisfaction. The recital referred to $10 child support which respondent had previously paid. Since there was no payment by respondent, the gratuitous satisfaction had no effect on the rights of the assignee.
 

 4.
 
 PWD’s Capacity to Sue
 

 Respondent argues that the PWD has no authority to move for the vacation of the satisfaction of judgment because such a motion is not mentioned in ORS 23.789 which authorizes the state to represent the persons entitled to child support. The statute is inapplicable, however. As assignee of the support rights which respondent owed Hansen, the state’s efforts to collect support obligations are made on its own behalf and not as an agent of the recipient of public assistance.
 
 Warlick v. Pub. Wel. Div.,
 
 29 Or App 21, 25, 562 P2d 223
 
 rev den
 
 (1977). Since the state is the real party in interest it has full authority to represent its own interests by its motion to vacate the satisfaction of judgment.
 

 Therefore, for all these reasons, the satisfaction was of no effect and PWD’s motion to vacate it should have been granted.
 

 Reversed and remanded.
 

 [1]
 

 The assignment is required by ORS 418.042. That statute is mandated by federal law as a condition of state participation in federally-supported public assistance programs. 42 USC § 602(a)(26)(A); 45 CFR § 232.11. ORS 418.042 provides:
 

 "(1) Aid, as defined in subsection (2) of ORS 418.035, shall not be granted to, or on behalf of, any applicant, or recipient and for as long as the applicant or recipient refuses to assign to the Department of Human Resources any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at any time such assignment is executed, or refuses to cooperate with the Department of Human Resources in establishing the paternity of a child bom out of wedlock and in obtaining support or other payments or property due the applicant or the child.
 

 "(2) However, nothing in this section shall be construed to require an applicant or recipient to provide identification information the validity of which is subject to honest doubts or the public disclosure of which might reasonably tend to subject the applicant to a deprivation of constitutional liberty or property rights.”
 

 [2]
 

 42 USC § 602 (a)(26)(A) and (B) provides:
 

 “(a) A State plan for aid and services to needy families with children must
 

 «sfc * * * *
 

 "(26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—
 

 "(A)
 
 to assignee
 
 State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed, "(B)
 
 to cooperate
 
 with the State (i) in establishing the paternity of a child bom out of wedlock with respect to whom aid is claimed, and (ii) in obtaining support payments for such applicant and for a child with respect to whom such aid is claimed, or in obtaining any other payments or property due such applicant or such child,
 
 unless (in either case) such applicant or recipient is found to have good cause for refusing to cooperate as determined by the State agency in accordance with standards prescribed by the Secretary, which standards shall take into consideration the best interests of the child on whose behalf aid is claimed;
 
 and that, if the relative with whom a child is living is found to be ineligible because of failure to comply with the requirements of subparagraphs (A) and (B) of this paragraph, any aid for which such child is eligible will be provided in the form of protective payments * * (Emphasis supplied.)
 

 [3]
 

 Respondent’s clean hands argument on this ground also fails. There is no argument or showing that PWD has dealt unfairly toward him either in supporting his children or in seeking to require that he do so.
 

 [4]
 

 ORS 107.135(2) provides:
 

 "The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion.”