Argued and submitted August 31, affirmed as modified November 13, 1979

BUTCHKO, nka SEVERSON
*Plaintiff,*
*v.*
BUTCHKO,
*Respondent,*
*and*
SUPPORT ENFORCEMENT DIVISION,
*Appellant.*

(No. 338 515, CA 14469)

602 P2d 672

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Dale Rader, Portland, waived appearance for respondent.

Before Buttler, Presiding Judge, Gillette and Roberts, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff and defendant were divorced by decree entered October 28, 1968, which decree required defendant to pay the sum of $50 per month for each of two children of the parties. The child support payments were not made regularly and plaintiff applied for, and received, assistance as defined in subsection (2) of ORS 418.035 (Aid to Dependent Children). Subsequent to July 1, 1975, the effective date of ORS 418.042,[1] plaintiff assigned her support rights to the Department of Human Resources.[2] That statute requires that as a condition of continued eligibility for public assistance an applicant or recipient

"* * * assign to the Department of Human Resources any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, *and which have accrued at any time such assignment is executed * * *.*" (Emphasis added.)

In December of 1978, the circuit court entered an order directing defendant's employer to withhold and pay over to Support Enforcement Division (SED) 25% of defendant's disposable earnings, as defined in ORS 23.175, for each period until the total delinquency (found to be $10,066.25) was paid in full, and thereafter withhold and pay over the sum of $100 per month

---

[1] ORS 418.042(1) provides:

"Aid, as defined in subsection (2) of ORS 418.035, shall not be granted to, or on behalf of, any applicant, or recipient and for as long as the applicant or recipient refuses to assign to the Department of Human Resources any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at any time such assignment is executed, or refuses to cooperate with the Department of Human Resources in establishing the paternity of a child born out of wedlock and in obtaining support or other payments or property due the applicant or the child."

[2] The assignment is not in the record. It is conceded that an assignment executed and delivered, and the trial court so found. No question is raised with respect to the validity of the assignment or its compliance with the statute or applicable state or federal regulations.

or 25% of defendant's disposable earnings each period, whichever is less, toward the current support obligation.

In February, 1979, on defendant's motion, the court issued an order to show cause directed to plaintiff and SED directing them to show cause why the order of December, 1978, should not be set aside, and why the decree of dissolution should not be modified by satisfying all sums accrued under that decree. At the same time, a stipulated order was entered modifying the original dissolution decree by deleting therefrom any requirement of defendant to pay child support.

The hearing on the order to show cause was held in April of 1979, after which the trial court entered findings, which included the following: (1) at the time of the hearing, the unreimbursed assistance provided plaintiff by public welfare was $14,980; (2) the accrued arrearage of child support was $10,305; (3) "the State of Oregon has no interest in any support rights accruing prior to July, 1975 based upon the case of *Hansen v. McKay,* 31 Or App 631 (1977)"; (4) the amount of the state's interest in support rights from July of 1975 to the date of the order was $4,600; (5) defendant was entitled to partial satisfaction in the sum of $2,550 for support accrued during the periods after the two children had become emancipated; (6) the balance owing to the State is $2,050. The order required defendant to pay that amount ($2,050) to the State of Oregon.

The State appeals from that order, contending that the trial court erred in concluding that the State has no interest in support payments which accrued prior to July 1, 1975. It is apparent from the trial court's finding on this point that it felt compelled to so find because of language contained in our opinion in *State ex rel Hansen v. McKay,* 31 Or App 631, 571 P2d 166 (1977). The conclusion was not unreasonable in view of the fact that the *Hansen* case makes the statement on

hich the trial court relied.[3] However, the statement
as not necessary to a decision in that case. *Hansen*
as an equitable proceeding to vacate a satisfaction of
dgment entered by the wife after she had assigned
er support rights to the State pursuant to ORS
8.042. All we needed to decide was that the wife's
ssignment to the State included some accrued support
ayments so that she was not free to enter a full
tisfaction of the judgment represented by the ac-
ued support payments after she had assigned those
ghts to the State. We held that the assignment did
clude accrued support payments, as well as prospec-
ve ones, and therefore the State was entitled to
cate the satisfaction.

In this case, unlike *Hansen,* the extent of the
ate's interest in accrued support payments is direct-
 involved. The assignment of support rights was
ven by plaintiff to the State pursuant to the provi-
ons of ORS 418.042, and we do not interpret that
ovision as providing any new substantive rights to
e State, or as imposing any new obligations on the
rent required to make the support payments. The
atute merely provides additional procedures to per-
t the State to obtain reimbursement of assistance it
s paid out to one entitled to support. The obligation
 the defendant in this case could have been enforced
 the State prior to July 1, 1975, under former ORS
.785[4] authorizing the State to initiate contempt

---

[3] In *State ex rel Hansen v. McKay,* 31 Or App 631, 635, 571 P2d 166
77), we stated:

"* * * The state may require reimbursement for assistance given
after the effective date of ORS 418.042, July 1, 1975, but not for that
given prior to that date. As to payments after that date, it may seek
reimbursement by requiring the assignment of any present or future
rights to support. * * *"

[4] Former ORS 23.785 provided:

"(1) Upon receipt of a copy of the support decree or order from the
clerk of the court or notice from the Public Welfare Division, the
district attorney or the Welfare Recovery Division shall institute
contempt proceedings under ORS 33.010 to 33.150 against the person

proceedings against the person ordered to pay money, or it could have initiated proceedings to compel support under former ORS 180.310(1)(g).[5]

ORS 418.042 is a remedial statute; it pertains to or affects a remedy as distinguished from a statute which affects or modifies a substantive right or duty. *See Perkins v. Willamette Industries,* 273 Or 566, 571, 542 P2d 473 (1975). The assignment which is required by that section includes any rights of support, including those "which have accrued at any time such assignment is executed," and is not limited to amounts accrued subsequent to the effective date of the Act, July 1, 1975. Nor is the aid for which reimbursement may be required by virtue of the assignment of support rights limited to aid given subsequent to July 1, 1975.

Accordingly, we disavow the *dictum* in *State ex rel Hansen v. McKay, supra,* on which the trial court relied. We hold, as we did in *Hansen,* that an assignment of support rights given pursuant to ORS 418.042

ordered to pay the money. The copy of the decree or order and a statement of the amount due may be used in lieu of the affidavit required under ORS 33.040.

"(2) The means of enforcement provided in this section are supplemental and in addition to other provisions of enforcement of a decree or order for support by the person for whose benefit the money is to be paid or by the court making such a decree or order. The court shall dismiss any action under subsection (1) of this section in the event that an action for enforcement is brought by the person for whose benefit the decree or order was made."

[5] Former ORS 180.310(1)(g) provided:

"(1) The Welfare Recovery Division of the Department of Justice may:

"* * * * *

"(g) Initiate and prosecute cases of failure to support those persons who are in need of support and public assistance wherein such a duty of support has been placed upon an obligor by law providing that any case coming within the provisions of ORS 416.010 to 416.270 shall be initiated and prosecuted only on the request of the Public Welfare Division.

"* * * * *."

[204]

ncludes both prospective and accrued but unpaid support payments; in addition, we hold that the State is entitled to enforce collection of the accrued support rights so assigned against the obligor to the extent that the State has provided aid as defined in subsection (2) of ORS 418.035, regardless of whether the support accrued, or the aid was given, prior to July 1, 1975.

The trial court erred in limiting the State's rights under the assignment to aid paid plaintiff subsequent to July 1, 1975. Because the State does not contest the credit allowed by the trial court to defendant of $2,550 for support which accrued after the two children had become emancipated, that credit should be allowed against the entire arrearages of $10,305, leaving a balance owing by defendant to plaintiff, and assigned by plaintiff to the State, of $7,755. The order must, therefore, be modified to provide that defendant be required to pay the State of Oregon $7,755.

The trial court also found that plaintiff was entitled to satisfy any and all support rights accrued prior to July 1, 1975. In light of our decision, that provision must be eliminated from the order.

The order of the trial court is affirmed as modified.