430 So.2d 592 (1983)
MORRIS NORTH AMERICAN, INC., Appellant,
v.
Richard B. KING and Diane J. King, His Wife, Appellees.
No. 81-1701.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Carey N. Bos of Rogers & Dowling, P.A., Orlando, for appellant.
Thomas Thatcher of Smith, O'Haire, Quinn & Garris, Vero Beach, for appellees.
HURLEY, Judge.
We are asked to decide whether a satisfaction of judgment bars a later effort to alter or amend the final judgment. We answer in the affirmative and hold that, unless vacated, a satisfaction bars any subsequent effort to change the final judgment.
After an initial judgment in favor of plaintiff/appellee, the defendant, Morris North American, paid the amount of the judgment and received a written satisfaction from plaintiffs, Mr. and Mrs. King. Subsequently, the plaintiffs moved for relief from the judgment pursuant to Rule 1.540, Fla.R.Civ.P. They contended that the final judgment contained a clerical error which resulted in an insufficient award of prejudgment interest. The defendant responded that the judgment had been satisfied which estopped the plaintiffs from seeking further relief. The trial court granted the motion, amended the final judgment, and awarded an additional $4,746.70. This appeal ensued.
We begin our analysis by noting the fundamental principle that "a satisfaction of judgment is the last act and end of the proceeding." 47 Am.Jur.2d, Judgments § 979 at 80. See Hendry v. Benlisa, 37 Fla. 609, 20 So. 800 (1896); Weaver v. Stone, 212 So.2d 80 (Fla. 4th DCA 1968); Walker v. U-Haul Co., 300 So.2d 289 (Fla. 4th DCA 1974). See also Neustein v. Insurance Placement Facility, 271 Pa.Super. 126, 412 A.2d 608 (1979). A satisfaction signifies that the litigation is over, the dispute is settled, the account is paid. Doubtless, it was this principle which led the court in Dock & Marine Construction Corp. v. Parrino, 211 So.2d 57 (Fla. 3d DCA 1968), to vacate a cost award which had been entered after the entry of a satisfaction of judgment. *593 In that case the final judgment awarded the plaintiff $7,500 in damages plus costs. After receiving $7,500 and giving a valid satisfaction, the plaintiff moved to tax costs against the defendant. The trial court granted the motion and entered an order taxing costs in the amount of $119.92. The Third District reversed, finding that the satisfaction precluded such an order. We recognize that a motion to tax costs differs from a motion to remedy a clerical error. Nevertheless, the principle is the same; a facially valid satisfaction is a complete bar to any effort to alter or amend the final judgment.
This is not to say, however, that a satisfaction is immune from attack. If shown to be invalid, a satisfaction may be set aside. Weaver v. Stone, supra. See generally Oregon ex rel. Hansen v. McKay, 31 Or. App. 631, 571 P.2d 166 (1977); Romero v. De Concini, McDonald & Brammer, P.C., 26 Ariz. App. 235, 547 P.2d 506 (1976); Neustein v. Insurance Placement Facility, supra. The appropriate method to attack the validity of a satisfaction is by motion pursuant to Rule 1.540(b), Fla.R.Civ.P., in the original action or by an independent action brought specifically for that purpose in the court which entered the judgment. Ford Motor Credit Co. v. Simmons, 421 So.2d 698 (Fla. 2d DCA 1982).
Inasmuch as the plaintiffs/appellees failed to contest the validity of the satisfaction, we reverse the order amending the final judgment. This action is without prejudice to further proceedings consistent with this opinion.
REVERSED.
ANSTEAD, J., concurs specially with opinion.
BERANEK, J., dissents with opinion.
ANSTEAD, Judge, concurring specially:
Hard facts sometimes make bad law. It is tempting in this case to affirm the trial court simply on the basis that this would constitute a "just" termination of this case. No one disputes that appellees' lawyer did in fact make a mistake in his calculations in preparing a proposed final judgment for the trial court. This mistake was carried over by the trial court in executing the proposed judgment; and the mistake was compounded when appellees' lawyer had his clients execute a satisfaction of the flawed judgment. No doubt it was a genuine desire to correct this mistake and reach a just result that prompted the trial court to grant the appellees' request to "correct" the judgment despite the fact that the appellees had already satisfied the judgment. However, despite our desire to see that justice is done in each case, we have an obligation to see that controlling principles of law are uniformly applied so that everyone out there knows where they stand. In other words we have to stick by our guns even when it appears that by doing so we are endorsing a harsh result in a particular case. Our obligation extends beyond the immediate parties to this appeal.
Litigation must terminate somewhere. One accepted principle of law holds that litigation terminates when a voluntary satisfaction of judgment is executed. This would appear to be a sound rule and in 99 cases out of 100 its application would foster a just termination of litigation. Of course, satisfactions, just like other legal documents, may be subject to attack and indeed may be set aside if such grounds as fraud, mutual mistake, etc., can be demonstrated. However, absent such a demonstration satisfactions must be upheld as effective bars to further litigation. Because the record before this court reflects that a satisfaction had been executed and filed in the trial court record long before the hearing on appellees' motion to correct the judgment, and because the appellees never challenged the satisfaction, I think we are obligated to apply the general rule here that the satisfaction operated to bar the trial court from amending the final judgment to correct the mistake about interest.
This court granted a motion to supplement the record. The supplemental record reflects that the satisfaction was executed by the appellees on June 24, 1981, and filed *594 in the trial court record on July 6, 1981. The parties have also filed a written stipulation acknowledging that at the hearing held on August 26, 1981, on the appellees' motion for relief, that "the Appellant argued (1) that the judgment had been satisfied and that the Appellees' Motion was untimely because payment and satisfaction precluded the sought-for relief under the case of Dock and Marine Construction Corporation v. Parrino, 211 So.2d 57 (Fla. 4th DCA 1968), ... ." The parties have further stipulated that the appellees responded by asserting that "whether or not a satisfaction of judgment has been executed, the case cited ... by Appellant could have no application here since it pertained to a discretionary order taxing costs and not to correction of arithmetical error." Under these circumstances, the satisfaction then being a matter of record and it being stipulated that it was expressly relied upon by the appellant to counter the appellees' motion, I believe the trial court erred in entering judgment for the appellees for the amount of interest mistakenly omitted from the initial judgment. It is apparent from the parties' stipulation that the hearing on August 26 consisted solely in a discussion between the court and the attorneys. No evidence was received from either side and no issue was taken as to the existence or validity of the satisfaction. In short I believe the satisfaction was properly before the court and the court should have given it effect and denied appellees' motion.
BERANEK, Judge, dissenting.
Although I agree in principle with the majority opinion, I regretfully must dissent. The satisfaction in question was never properly before the trial court. At least, the matters before this court do not indicate that it was ever actually brought to the trial court's attention. The case presents a strange record. On August 26, 1981, after a hearing on a motion to amend the judgment, the court entered the order in question. The notice of appeal was filed September 21, 1981. On November 19, 1981, the appellee filed a motion in the trial court to have the satisfaction of judgment removed from the record on appeal. The trial court granted this motion and the satisfaction of judgment was deleted from the record on appeal. The clerk of the circuit court had filed a certificate stating that the satisfaction was not a part of the "evidence or records before the trial judge in this cause and that same was added to the record of this cause after the entry of the court's order and amended final judgment filed August 26, 1981." Strangely, a certified copy of the satisfaction of judgment which eventually got into the record before this court shows a circuit court filing date of July 6, 1981.
The presence or absence of this satisfaction of judgment in the court file below has been the subject of at least one special motion and hearing before the trial court and the subject of three motions and various responses resulting in at least two orders before this court. Finally, by order of July 26, 1982, the parties were specifically directed to clarify this issue. Despite this order, and a further stipulation by both parties as to what transpired at the unreported hearing of August 26, 1981, the whole matter remains confused and disputed. Under these unfortunate circumstances it seems to me the appellee, rather than the appellant, is entitled to the benefit of the doubt. I conclude that the record does not demonstrate that the satisfaction of judgment was properly before the trial court. The trial court so ruled and nothing before this court has made the situation clear to the contrary. I hope there is some explanation for all this confusion other than the obvious improbability that the satisfaction was simply in the court file the whole time and that no one ever bothered to look.