HURLEY, Judge.
The question in this appeal is whether a party may maintain an action for damages based on fraudulent misrepresentation in the inducement to execute a satisfaction without first setting aside the satisfaction. We answer in the negative and reverse.
Edward Domecki obtained a money judgment in federal court against Billy Watson. As a result, the parties entered into an agreement which called for Watson to transfer title to two automobiles (a 1955 Bentley and a 1926 Fiat) to Domecki. Also, Watson agreed to pay Domecki $3,000 in cash. At this juncture — apparently before Domecki had an opportunity to inspect the cars which were garaged in Atlanta, Georgia — the parties executed and filed a satisfaction of judgment.
Approximately two years later, Domecki filed a fraud action in state court against Annette Watson (Billy Watson’s wife) and a corporation which did business under the name Prestige Auto Car. Two years after the commencement of the state litigation (and four years from the date of the execution of the satisfaction), Domecki amended *1037 his complaint and added Billy Watson as a defendant. The gist of the complaint was that prior to the execution of the satisfaction, Watson represented that both vehicles were in mint condition, that the Fiat was valued between ten and twelve thousand dollars and that the Bentley was valued between five and seven thousand dollars. Domecki further alleged that upon inspection, he discovered that the vehicles were worth far less than the stated sums.
As the state litigation proceeded, Mrs. Watson and the corporate defendant obtained summary judgments in their favor and were removed from the suit. Billy Watson obtained a partial summary judgment in his favor because the court found that Domecki had not suffered any damages with respect to the 1955 Bentley. The issue of the misrepresentation of the Fiat, however, was submitted to the jury which returned a verdict for Domecki in the sum of $10,000.
Throughout the litigation, Watson asserted that the satisfaction in the federal case barred the state action. Domecki responded that the satisfaction was not at issue. Instead, he argued that this case only involved a cause of action arising from the intentional tort of fraudulent misrepresentation. At first blush, the time differential between the event giving rise to the federal case and the subsequent fraudulent misrepresentations seems to support Domecki’s position. On the other hand, it is certain that to prevail in the state action, Domecki had to impeach the validity of the federal satisfaction by demonstrating that it was induced by fraud. As indicated above, this was the entire theory of the case. It is particularly evident from the manner in which the damages were assessed. Since Domecki claimed that he received less than he bargained for, the jury was instructed to compute compensatory damages by measuring the difference between the market value of the goods as represented by Watson and their actual market value. In effect, the jury’s verdict represents a finding that the original controversy between the parties had not been terminated by the satisfaction and that an award of $10,000 was required to effectuate its original purpose. The question that we must answer is whether the state action was permitted in light of Domecki’s failure to have the satisfaction set aside by the federal court.
Recently, describing the legal effect of a satisfaction of judgment, we said that it “ ‘is the last act and end of the proceeding.’ A satisfaction signifies that the litigation is over, the dispute is settled, the account is paid.” Morris North American, Inc. v. King, 430 So.2d 592 (Fla. 4th DCA, 1983). In the same case, we cited with approval the Second District’s opinion in Ford Motor Credit Co. v. Simmons, 421 So.2d 698 (Fla. 2d DCA 1982) which involved a complaint filed in the circuit court to set aside a mistakenly entered satisfaction of judgment of the county court. The Second District held that the circuit court did not have jurisdiction to entertain an action which attacked a satisfaction of judgment from another court. The appellate court reasoned that
[ejvery court of law possesses inherent equitable power sufficient to control its own judgments, and this includes power to set aside a satisfaction of one of its own judgments.... This may be accomplished by motion in the original action ... or by an independent action brought specifically for that purpose in the court which entered the judgment.
Id. at 700 (citations omitted; emphasis added).
In the case at bar, the attempt to utilize a state forum to effectively impeach a satisfaction filed in a federal action, dramatically illustrates the necessity for the rule which we announce today: A party may not maintain a cause of action that inherently impeaches the validity of a prior satisfaction without first setting aside the satisfaction by a direct challenge to its validity. This principle is essential to safeguard the dignity and effectiveness of prior judgments and orders. To hold otherwise would be to sanction covert challenges to the integrity of prior judicial labor. Since the verdict in the case below necessarily *1038 impeached the validity of the federal satisfaction, it is violative of this principle and, thus, cannot be allowed to stand. Accordingly, it is
REVERSED.
BERANEK, J., concurs.
DOWNEY, J., dissents with opinion.