DOWNEY, Judge,
dissenting.
Appellee, Domecki, as the holder of a judgment in excess of $17,000 against Watson, obtained the levy of a writ of execution on property owned by Watson and the property was advertised for sale. Prior to sale, Watson contacted Domecki to negotiate a settlement and eventually the parties agreed that Watson would convey to Do-mecki two vintage automobiles, a 1955 Bentley and a 1926 Fiat, plus $3,000 in cash in satisfaction of the judgment. On or about August 18, 1976, the agreed items were transferred to Domecki, who furnished Watson with a satisfaction of judgment and the writ of execution was discharged.
This litigation arose when Domecki sued Watson, his wife and Connections, Inc., d/b/a Prestige Auto Car, for compensatory and punitive damages, charging them with fraudulently misrepresenting the value of the two cars involved in the transfer. According to Domecki, Watson had represented the value of the 1926 Fiat as between $10,000 and $12,000 and the Bentley as between $5,000 and $7,000. Both cars were represented as being “mint cars, rated as ninety point show cars.” Domecki was not able to inspect the cars before the transaction was closed.
The case was tried by a jury, which returned a verdict in favor of Domecki for $10,000 in compensatory damages.
In his first point on appeal, Watson contends that the trial court erred in refusing to grant his motion to dismiss, motion for summary judgment, and motion for directed verdict. In each of said motions, made at different stages of the proceeding, Watson argued that Domecki was improperly attempting to impeach the satisfaction of judgment in a collateral proceeding. I would reject that contention as did the trial judge. If that were the purpose of this suit, Watson’s argument would be effective. However, this is not a suit to set aside, vacate or nullify the satisfaction of judgment. The judgment remains satisfied of record and that litigation is ended. This suit is for an independent tort committed by Watson in actively misrepresenting the value of the cars he agreed to convey to Domecki to pay the debt owed, which was represented by the judgment in question.
No doubt Domecki could have, by motion or independent action, requested that the District Court set aside the satisfaction because of the alleged fraud. However, in engineering the agreement between the parties to settle Domecki’s claim, Watson’s actions constituted intentional tortious conduct for which the law may allow compensatory and punitive damages. I perceive no reason why Domecki could not pursue that course of action.
As indicated above, I am unable to agree with the majority that the judgment obtained herein has the effect of impeaching the legal effect of the satisfaction of the Federal Court judgment. Nor do I see any basis for the majority’s finding solace in the recent ease of Morris North American, Inc. v. King, 430 So.2d 592 (Fla. 4th DCA 1983). In Morris the plaintiff sought to amend the satisfied final judgment via a 1.540 motion[1] without attempting to vacate the satisfaction. I suggest that Morris simply is not on point.
Finally, I see nothing covert in Domecki pursuing directly his cause of action in tort, rather than taking the alternative route of attacking the satisfaction in the Federal Court.
Finding no other reversible error demonstrated by appellant, I would affirm the judgment appealed from.

. Fla.R.Civ.P. 1.540.