PER CURIAM.
This is an appeal from a final judgment for contribution in a dispute between two defendants found liable in an underlying negligence case — appellant/CSX Transportation and appellees/Maddock.[1] We reverse and remand for entry of final judgment in favor of appellant.
In October, 1988, a jury verdict awarded Mr. Whittier $1.3 million in damages for injuries he sustained when struck by a van. *3 Mr. Whittier was found to be 27% negligent; City of West Palm Beach (36%), CSX (35%), and Estate of Maddock (2%). A joint and several judgment was entered against the city, CSX, and Estate of Maddock in the amount of $949,000, which was the judgment less a set off for Whittier’s negligence. On appeal by CSX and the city, this court affirmed the judgment. CSX Transp., Inc. v. Whittier, 584 So.2d 579 (Fla. 4th DCA 1991), rev. denied, 595 So.2d 556 (Fla.1992).
During the underlying trial, the appellee estate and Whittier entered into an oral high/ low agreement, which fell through after the trial was concluded. Shortly after the entry of the joint and several judgment (November, 1988), said appellee entered into another agreement with Whittier. This agreement set forth the conditions of reimbursement should Whittier recover money from the city and appellant pursuant to the joint and several judgment. Upon execution of the agreement, the Maddock estate was to pay Whittier $300,000 even though its pro rata share of liability equaled only $46,000.[2] The agreement was not to be made known to appellant. In December, 1988, the estate entered into a satisfaction of judgment with Whittier. The satisfaction of judgment applied to that ap-pellee only “and specifically [did] not satisfy that Final Judgment entered on October 17, 1988 against CSX TRANSPORTATION INC. and THE CITY OF WEST PALM BEACH.”
After the judgment in the underlying negligence ease was affirmed by this court, appellant and the city paid the full amount of the judgment, less the $300,000 received by Whittier from appellee.[3] The estate then filed a motion for entry of judgment for contribution, asserting that it had paid more than its pro rata share and therefore was entitled to contribution.
The trial court found the payment by appellee to Whittier was not made to settle a “bad faith” claim. It also acknowledged the trial court’s previous finding that the payment was made under threat of levy and execution of judgment, and entered judgment against appellant in the amount of $254,128 plus interest. The trial court never mentioned in its final judgment section 768.31(2)(d), Florida Statutes (1987), which provides:
A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from, another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable.
Id. (emphasis added). We conclude the statute to be dispositive.[4] The satisfaction of *4 judgment between appellee and Whittier expressly did not satisfy the obligations of the other defendants. If the satisfaction of judgment is a settlement, which we conclude it to be, then section 768.31(2)(d) precludes appel-lee from recovering contribution from appellant. The act itself suggests that a satisfaction would support an action for contribution. Section 768.31(4)(b) reads in part: “When a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action.” Also, Florida Standard Jury Instruction MI 1.1, Contribution Among Tortfeasors, recognizes a cause of action for contribution arising from a satisfaction of judgment.[5]
Extinguishing liability is the operative language of the statute. See Rinek v. State, Dep’t of Transp., 442 So.2d 996 (Fla. 3d DCA 1983) (the fact that liability is extinguished by a summary judgment rather than a settlement does not preclude a right of contribution under section 768.31), petition for rev. denied, 451 So.2d 848 (Fla.1984). Section 768.31(2)(d) does not distinguish between pre- and post-judgment settlements.[6] It refers to settlements that extinguish liability. A satisfaction of judgment discharges the liability of the parties.[7] However, the satisfaction of judgment in the instant case expressly did not extinguish the liability of appellant. Whatever reasons appellee chose not to include appellant does not concern us because of the language of the dispositive statute. By excluding appellant therefrom, appellee failed to fulfill the statutory requirement. See Woods v. Withrow, 413 So.2d 1179 (Fla.1982).
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.

. Although the Whittlers are listed as appellees, they are not a parly to the judgment of contribution that is the subject of this appeal.

. The estate had a $300,000 insurance policy which provided the funds for the payment of the satisfaction.

. Prior to the underlying trial in this case, appel-lee had filed a cross-claim for contribution against the other codefendants in the event ap-pellee was found liable for negligence as a joint tortfeasor. The parties noted in their briefs that the city’s liability was capped due to sovereign immunity.
On March 22, 1989, the trial court entered an order on appellee's cross-claim for contribution, in which the court stated that the $300,000 payment was made under threat of levy and execution but that the agreement between appellee and Whittier made contribution premature at that time.

. We are uncertain of the trial court's use of the term "bad faith” in its final judgment, but it is clearly not the focus of our decision. Section 768.31(2) does not set forth good faith as necessary to maintain a claim for contribution. The Arizona Supreme Court, interpreting its “Uniform Contribution Among Tortfeasors Act,” stated that good faith is not necessary in order for a settling tortfeasor to maintain an action for contribution. City of Tucson v. Superior Court, 165 Ariz. 236, 798 P.2d 374 (1990). The relevant provisions of the Arizona act are substantively identical to the corresponding Florida statutes. Id. at 240, 798 P.2d at 378. The court said:
[T]he finding that a settlement was made in "good faith” is only relevant and necessary to discharge a settling tortfeasor from liability for claims by other joint tortfeasors seeking contribution from him. In other words, a settling joint tortfeasor may raise the finding of "good faith” as a defense to a contribution action brought against him by other tortfeasors. It is not an element that a settling tortfeasor must show as a sine qua non to maintain his contribution action against non-settling tortfeasors.
Id. at 241, 798 P.2d at 379. In the instant case, appellee would not have to demonstrate that its agreement with Whittier was entered in good faith in order to maintain its contribution action against appellant.

. Instruction MI 1.1 reads in part: "(Claimant) seeks to recover from (defendant) part of the sum of ($_) which (claimant) paid (name) to satisfy [the judgment] ... resulting from (identify injury or incident giving rise to claim or judgment).” (emphasis added).

. While no Florida case specifically holds that a satisfaction of judgment is a "settlement” under section 768.31 (2)(d), the Supreme Court of Alaska analyzed whether a post-judgment agreement was a satisfaction of judgment that would extinguish the liability of all the tortfeasors, enabling a settling tortfeasor to seek contribution under the Alaska Uniform Contribution Act. See Criterion Ins. Co. v. Laitala, 658 P.2d 112 (Alaska 1983). In Criterion, the court determined that the agreement was a satisfaction of judgment which extinguished a tortfeasor's liability and therefore he had to contribute. Id. at 117. The court noted that if the post-judgment agreement did not discharge other tortfeasors from liability, then they would not be obligated to contribute. Id. at 115.
At the time of the decision in Criterion, Alaska had adopted the Uniform Contribution Among Tortfeasors Act. The relevant portions of Alaska’s Act are quoted in a footnote, and were practically identical to Florida’s provisions. Criterion, 658 P.2d at 115 n. 6. However, the Act was repealed by initiative in Alaska, effective in 1989. See Unif. Contribution Among Tortfeasors Act, 12 U.L.A. 80 (Supp.1994). Even so, Criterion is instructive on the issue in the instant case, as the court was interpreting the Act, and Florida has a "Uniformity of Interpretation” clause in its Act. § 768.31(6), Fla.Stat. (1991).

.See, e.g., Walker v. U-Haul Co., 300 So.2d 289 (Fla. 4th DCA 1974), cert. denied, 314 So.2d 588 (Fla. 1975). As this court stated in Morris North American, Inc. v. King, 430 So.2d 592 (Fla. 4th DCA 1983): " 'a satisfaction of judgment is the last act and end of the proceeding.’ A satisfaction signifies that the litigation is over, the dispute is settled, the account is paid.” (citations omitted). Id. at 592.