COBB, Judge.
The appellants, Herbert and Vernetta Holm, challenge the trial court’s award of an attorney’s fee and costs which were awarded by the trial court subsequent to entry and satisfaction of a final judgment in favor of the appellees, Virgil and Valerie Sharp. The judgment found that the Sharps, as prevailing parties, were entitled to an award of reasonable attorney’s fees and stated:
The Court reserves jurisdiction to determine .the amount of attorney’s fees and costs to be awarded Plaintiffs and shall *1160 enter a separate judgment as to such amounts.
Thereafter, the Holms paid the Sharps the amount of the judgment and the Sharps signed a satisfaction of judgment which contained the following language:

SATISFACTION OF FINAL JUDGMENT

Virgil T. Sharp and Valerie Sharp, Plaintiffs in the above-styled case, wherein a Final Judgment was rendered on the 18th day of April, 1997 in the above-named court for $18,862.92 plus interest against Herbert Holm and Vernetta Holm, jointly [sic] and severally. Said Final Judgment being duly recorded in the Official Record Books of Orange County, Florida OR Book 5248 Page 240, and do hereby acknowledge full payment and satisfaction thereof and hereby consent that the same shall be satisfied of record.
When the Sharps filed a motion with supporting affidavits for attorney’s fees, the Holms challenged the award on the ground that the Sharps’ execution of the satisfaction precluded any further award of fees or costs. After hearing, the trial court granted the Sharps attorney’s fees and costs, and this appeal ensued.
The first issue on appeal is whether the trial court had continuing jurisdiction to entertain a post-judgment motion for attorney’s fees as a collateral and independent claim, notwithstanding the previous satisfaction of judgment on the main claim made by the Sharps. The Holms rely primarily on the case of Dock & Marine Const. Corp. v. Parrino, 211 So.2d 57 (Fla. 3d DCA 1968). In that ease, judgment was entered in favor of the plaintiffs after which the defendant paid the judgment and the plaintiffs gave the defendant a satisfaction acknowledging receipt of $7,500.00 from defendant “in full and complete satisfaction of that certain final judgment entered in the above-styled cause.” Id. at 58. Notwithstanding the fact that the final judgment had awarded the plaintiffs $7,500.00 “together with costs to be hereinafter taxed by the court,” the Third District, in a two-to-one decision, found that the defendants’ payment and satisfaction of the judgment precluded the trial court’s later entry of an order awarding costs to the plaintiffs. Judge Barkdull dissented on the ground that the trial court had properly reserved the right to tax costs after the final judgment, which reservation was not defeated by the judgment debtors’ satisfaction of the judgment.
We agree with Judge Barkdull’s dissent. We hold that a post-judgment motion for attorney fees, where that issue expressly has been retained by the trial court in its judgment, as in this ease, constitutes a collateral independent claim which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that a judgment has been entered (and satisfied) in regard to the main claim. Indeed, in the ease of Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla.1986), the Florida Supreme Court, in a medical malpractice case, adopted the reasoning and holding of the United States Supreme Court in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) and concluded that a post-judgment motion for attorney fees raises a “collateral and continuing independent claim” which the trial court had jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality' — and even though that final judgment did not expressly reserve jurisdiction to award attorney fees. Finkelstein at 1243.
Appellants’ second issue — i.e., whether there was a timely objection to the use of affidavits to support the Sharps’ motion for attorney fees and costs — is rendered moot by our disposition of the third issue. In respect to the latter issue, we agree with the appellants that the trial court erred in its failure to set forth specific findings in regard to the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors utilized by the trial court in adjusting and taxing attorney fees. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Jones v. Associates Finance, Inc., 565 So.2d 394 (Fla. 1st DCA 1990).
*1161 Accordingly, we affirm the trial court’s exercise of jurisdiction in this matter but reverse the judgment entered below, and remand for further proceedings consistent with this opinion. We also certify conflict with Panino.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.