717 So.2d 608 (1998)
Claire WHIPPLE, Appellant,
v.
JSZ FINANCIAL COMPANY, INC., Appellee.
No. 97-3019.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
*609 Anthony W. Pellegrino of Pellegrino & Associates, P.A., Fort Lauderdale, for appellant.
J.H. Zidell, Aventura, for appellee.
FARMER, Judge.
After locally registering a judgment obtained by default in a Texas state court, plaintiff levied execution on an automobile owned by the judgment debtor. The execution took place after the debtor had timely filed a challenge to the validity of the Texas judgment for lack of personal jurisdiction and the challenge was pending. The trial court ultimately dismissed the debtor's challenge to the judgment on the grounds that the judgment was satisfied after the execution and the case was therefore moot. We reverse.
It is true that Watson v. Domecki, 436 So.2d 1036 (Fla. 4th DCA 1983), and Morris North American v. King, 430 So.2d 592 (Fla. 4th DCA 1983), broadly hold that a satisfaction bars a later attempt to set the judgment aside. The debtor argues that, in this instance however, the rule of Watson and Morris is inapplicable because the payment of the judgment was involuntarily compelled by levy of execution and was thus not voluntary.
As explained by the court in Ronette Communications Corp. v. Lopez, 475 So.2d 1360, 1360 (Fla. 5th DCA 1985):
"The majority rule is that if a defendant who has suffered the entry of an adverse money judgment against him voluntarily pays the judgment, the case is moot, but if the payment is involuntary, it does not result in a waiver of the right to appeal.... In the present case, we have no difficulty concluding that appellant ... did not lose its right to appeal when it paid the judgment after execution to avoid a levy on its property."
See also Slater v. Breakwater Homes Ass'n, 413 So.2d 148 (Fla. 4th DCA 1982) (no merit in contention that payment of judgment to avoid execution terminated right of appeal). Although the present case involves continuation of proceedings in the trial court rather than on appeal, we see no rational basis for differentiating between the two. The logic for distinguishing between voluntary and involuntary payment applies in either instance.
We hold that when a satisfaction results from payment compelled under levy of execution, a challenge to the validity of the judgment pending when the coerced payment was made is not deemed waived by the payment and should be permitted to proceed to effect.
REVERSED.
STONE, C.J., and GROSS, J., concur.