912 So.2d 646 (2005)
PROGRESSIVE PLUMBING, INC., Appellant,
v.
DIXIE CONSTRUCTION PRODUCTS, Appellee.
No. 5D04-1633.
District Court of Appeal of Florida, Fifth District.
September 16, 2005.
Rehearing Denied October 19, 2005.
Brian D. Solomon, and Michael C. Sasso of Michael C. Sasso, P.A., Winter Park, for Appellant.
Richard D. Sierra, of Kosto & Rotella, P.A., Orlando, for Appellee.
*647 THOMPSON, J.
Progressive Plumbing, Inc. ("Progressive") appeals a nonfinal order granting the motion filed by the appellee, Dixie Construction Products ("Dixie"), to amend a partial summary judgment and to vacate a satisfaction of judgment entered pursuant to Florida Rule of Civil Procedure 1.540. Because the order on appeal became final before the trial court attempted to vacate it, we must reverse.
Dixie alleged in a one-count complaint that Progressive breached an oral agreement and sought $30,281.25 for work performed. Progressive answered in interrogatories that, according to its customary pricing, it owed Dixie $6612. Dixie moved for partial summary judgment for that amount. Following a hearing, the court entered partial summary judgment for $4963.74 for which the court let execution issue.
Progressive's counsel mailed Dixie a check for the amount of the judgment, and Dixie's counsel executed a satisfaction of the partial summary judgment. The day before executing the satisfaction, Dixie moved for attorney's fees and to amend the complaint to bring a claim for account stated. Progressive promptly moved to dismiss the complaint with prejudice on the ground that the "execution" language of the partial summary judgment and its grant of ultimate relief rendered it a final order.
At hearing the court orally ruled that the partial summary judgment was indeed a final order that divested it of jurisdiction. Both sides presented the court with forms of order, neither of which the court entered. Shortly thereafter, Dixie filed a motion for relief from partial summary judgment pursuant to rule 1.540(b), asking that the court vacate the partial summary judgment because it had not reached the decision in the intentional or purposeful exercise of its judicial function.
The court denied relief from the partial summary judgment and acknowledged that it had mistakenly failed to retain jurisdiction to resolve the remaining issues in the case. Its order was without prejudice to the plaintiff to move to vacate the satisfaction of judgment.
Dixie promptly filed a motion for order vacating satisfaction of judgment and partial summary judgment and for rehearing. At the hearing Dixie asked the court to vacate the satisfaction of judgment due to mistake pursuant to rule 1.540, Holm v. Sharp, 715 So.2d 1159 (Fla. 5th DCA 1998), and Morris North American, Inc. v. King, 430 So.2d 592 (Fla. 4th DCA 1983). Progressive argued that the order was final because the executed satisfaction rendered the judgment final and the court, having failed to reserve jurisdiction, lacked authority to enter further orders. The judge viewed the original judgment as partial, and, to correct the acknowledged failure to retain jurisdiction, vacated the satisfaction and set aside the partial summary judgment to allow litigation of the full debt.
The general rule is that courts of general jurisdiction have absolute authority over their own orders, decrees, and judgments, and can correct or vacate them at any time before they become final. Danner v. Danner, 206 So.2d 650, 654 (Fla. 2d DCA 1968). The type of mistake envisioned by rule 1.540(b) "is the type of honest and inadvertent mistake made in the ordinary course of litigation, usually by the Court itself, and is generally for the purpose of `setting the record straight.'" Id. A satisfaction of judgment is a complete bar to any effort to alter or amend the final judgment, but, if shown to be invalid, a satisfaction may be set aside. Morris N. Am., 430 So.2d at 592. Every *648 court of law possesses inherent equitable power sufficient to control its own judgments, and this includes power to set aside a satisfaction of one of its own judgments. Ford Motor Credit Co. v. Simmons, 421 So.2d 698, 700 (Fla. 2d DCA 1982).
A partial summary judgment containing final language of a one-count complaint is deemed a final judgment. McGurn v. Scott, 596 So.2d 1042, 1045 (Fla.1992); Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 318-19 (Fla. 3d DCA 1987); Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389, 390-91 (Fla. 3d DCA 1974). The time allowed for correcting the judgment in this case had long since passed. Rule 1.540(b) operates to allow a party relief from a judgment upon certain grounds. However, mistakes of law, as distinct from mistakes of fact, do not afford a basis for relief under this rule. Kuykendall v. Kuykendall, 301 So.2d 466, 467 (Fla. 1st DCA 1974).
We therefore reverse the order granting motion to amend partial summary judgment and vacate satisfaction of judgment.
REVERSED.
GRIFFIN and PALMER, JJ., concur.