COPE, J.
 

 This is an appeal of an order denying a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b). The trial court concluded it was without jurisdiction to consider the motion. We respectfully disagree and remand for further proceedings.
 

 In the underlying commercial transaction, Renell and Sherry Jones and R & S Management Group, Inc. purchased a nightclub in Miami. As part of the transaction, the Joneses executed a promissory note for $301,319.22 in favor of the sellers, Cucamonga, LLC, Deloris, LLC, and Roa-drider, LLC (collectively, “Cucamonga”). The note was secured by a second mortgage on a home owned by the Joneses, and by a security interest in the liquor license of the business.
 
 [1]
 

 In September 2005, the Joneses conveyed the home to Challenger Investment
 
 *943
 
 Group, LLC. The members of Challenger are the Joneses and Nelson Loynaz.
 
 [2]
 

 The nightclub ceased operations and the note went into default. Cucamonga filed suit to foreclose the second mortgage which secured the note. An amended final judgment of foreclosure was entered in July 2006. In August 2006, Challenger redeemed the property and the circuit court clerk issued a Clerk’s Certificate of Satisfaction of Final Judgment of Foreclosure.
 
 See
 
 § 55.141, Fla. Stat. (2006).
 

 In March 2007, Challenger filed a motion for relief from judgment under rule 1.540(b). The motion alleged that Cuca-monga had committed fraud on the court in the foreclosure case. Challenger asserted that Cucamonga had failed to disclose that in a separate lawsuit, it had successfully replevied the liquor license which had been pledged for the same note. Challenger contended that the liquor license was worth approximately $78,000 in July 2006, and that a credit of that amount should have been applied to the foreclosure judgment. Simply put, Challenger contended that it had overpaid by $78,000 to redeem the property on August 9, 2006.
 

 Challenger maintained that it had no knowledge of the replevin action, which had been filed in January 2006. A default final judgment of replevin was entered that same month. In his March 2007 deposition, Renell Jones testified that he was not served with process in the replevin action and was not aware of its existence.
 

 Cucamonga argued that the trial court did not have jurisdiction to consider Challenger’s rule 1.540 motion. Cucamonga quoted a Fourth District decision for the proposition that “a facially valid satisfaction is a complete bar to any effort to alter or amend the final judgment.”
 
 Morris N. Am., Inc. v. King,
 
 430 So.2d 592, 593 (Fla. 4th DCA 1983). While the Fourth District opinion contains the quoted statement, it does not support the trial court’s ruling in this case.
 

 In
 
 Morris North American,
 
 the plaintiffs obtained a judgment against the defendant, who paid it. The plaintiffs issued a written satisfaction. Thereafter, the plaintiffs discovered that there was a clerical error in the final judgment. They filed a rule 1.540 motion to set aside the satisfaction (which the plaintiffs themselves had issued) and requested that the court increase the judgment amount by $4,746.70. The trial court granted this relief, but the Fourth District reversed. The Fourth District explained that a satisfaction of judgment “signifies that the litigation is over, the dispute is settled, and the account is paid.”
 
 Id.
 
 at 592. It was in that context that the court said, “a facially valid satisfaction is a complete bar to any effort to alter or amend the final judgment.”
 
 Id.
 
 at 593.
 

 The
 
 Morris North American
 
 court went on to say that in a proper case, the validity of a satisfaction can be attacked by a rule 1.540(b) motion or by an independent action.
 
 Id.
 
 For example, if a defendant obtained the issuance of a satisfaction from a plaintiff by fraud, then a rule 1.540 motion would be available to the plaintiff to set it aside. A similar analysis is found in the other case primarily relied on by Cucamonga,
 
 Progressive Plumbing, Inc. v. Dixie Construction Products,
 
 912 So.2d 646 (Fla. 5th DCA 2005).
 

 It has been said that the effect of a satisfaction is to bar further enforcement of the judgment by the judgment creditor:
 

 
 *944
 
 An unconditional satisfaction and release of judgment operates as a total relinquishment of all rights of the judgment creditor in the judgment; it is a complete discharge of the debt created by the judgment and a complete surrender of the judgment creditor’s rights in the judgment, including the right to challenge the judgment on appeal and seek a judgment in excess of the amounts awarded in the trial court’s judgment.
 

 47 Am. Jur. 2d
 
 Judgments
 
 § 807, at 384-85 (2006) (footnotes omitted) (citing
 
 Rapp v. Mandell
 
 &
 
 Wright, P.C.,
 
 123 S.W.3d 431 (Tex.App.2003)). Having issued the satisfaction, the plaintiff-judgment creditor will not be allowed to take steps to enforce the judgment or proceed on the underlying debt, unless the satisfaction is set aside by a motion under rule 1.540(b) or other appropriate proceeding.
 

 The present case differs because it is the defendant who filed the rule 1.540(b) motion, not the plaintiff. The defendant was the recipient of the satisfaction, not the issuer of it. Challenger is not seeking to reopen the entire amended final judgment. Challenger alleges fraud and is seeking to recapture an alleged overpayment. If Challenger prevails, it would simply be reimbursed for the overpayment. The amended final judgment would remain intact, and would still be a fully satisfied judgment. Under the circumstances present here, it was not necessary for Challenger’s rule 1.540 motion to request the setting aside the satisfaction. The trial court had jurisdiction and the case must be returned to the trial court for further proceedings. We express no opinion on the underlying merits of the parties’ respective positions.
 

 Challenger argues that there was an evidentiary error in the proceedings below. As this issue will likely arise on remand, we address it here.
 

 Challenger attempted to introduce into evidence the alcoholic beverage license file maintained by the Bureau of Licensing of the Division of Alcoholic Beverages and Tobacco for the license in question here. Challenger obtained an affidavit from an agency official stating that the fourteen-page attachment is a true copy of the Division’s alcoholic beverage license filed for this particular license. The affidavit states that it is given under the official seal of the agency.
 

 Challenger offered the affidavit in the evidentiary hearing below. Cucamon-ga objected that it was hearsay and also objected that Challenger had failed to provide the affidavit to Cucamonga in advance of the hearing. The trial court sustained the objection without stating the reason for the ruling. As the objection may have been sustained because Challenger failed to provide the affidavit to Challenger in advance of the hearing, we see no abuse of the trial court’s discretion and decline to address the merits of Challenger’s argument regarding the admissibility of the documents. This court’s ruling is without prejudice to Challenger to offer the documents into evidence on remand in compliance with subsections 90.803(8) or 90.803(6), Florida Statutes (2008).
 
 See Yisrael v. State,
 
 993 So.2d 952, 955-61 (Fla.2008); Charles W. Ehrhardt,
 
 Florida Evidence
 
 §§ 803.6, 803.8 (2009).
 

 For the stated reasons, we reverse the order now before us and remand for further proceedings consistent herewith.
 

 Reversed and remanded.
 

 [1]
 

 . The interests of Cucamonga in the second mortgage were subsequently assigned to Ebony & Ivory Entertainment, LLC.
 

 [2]
 

 . Articles of Organization were filed for this Florida Limited Liability Company on April 14, 2005. Duplicate Articles of Organization were filed on September 20, 2005. The latter Limited Liability Company was dissolved on April 3, 2006 with an explanation that this filing was a duplicate of the earlier filing.