151 So.2d 879 (1963)
Ethel KLEIN, Appellant,
v.
NEWBURGER, LOEB & CO., a limited partnership, Appellee.
No. 62-541.
District Court of Appeal of Florida. Third District.
April 16, 1963.
On Rehearing April 30, 1963.
Joseph Pardo, Miami, for appellant.
Miller & Podell, Miami Beach, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
The appellee is a stockbroker and the appellant is one of its former customers. On November 20, 1958, the appellant closed her account and the appellee sent her a final statement and a check for the amount of money remaining in the account. On May 7, 1959, an Ethel Klein of Elizabeth, New Jersey, the same name but not the same person as the appellant, placed a purchase order with the appellee for 100 shares of stock of Lorel Electronics, Inc. The appellee acquired this stock for $2,077.50. Due to the similarity in names, the appellee's employees inadvertently mailed a certificate representing the 100 shares of stock to the appellant at her residence in Miami Beach, Florida. The appellant kept the stock certificate assuming it had been sent *880 to her in further settlement of her account. On August 3, 1959, the appellant sold the 100 shares of stock represented by the certificate through a brokerage house in Miami for the sum of $2,318.58. On or about June 7, 1960, the appellee discovered its mistake and directed a letter to the appellant requesting that she return the stock certificate. When no reply was received, the appellee went into the open market and purchased 100 shares of Lorel Electronics for its customer in New Jersey at a cost of $5,800. Subsequently, on February 12, 1962, the appellee brought this suit for conversion. After hearing, the trial court granted a summary judgment in favor of the appellee for $5,800, together with interest from May 30, 1959, the date on which the appellant received the stock, to the date of the judgment, and costs. This appeal is from the summary judgment.
The appellant contends (1) that the complaint failed to state a cause of action because it disclosed on its face that the appellant came into possession of the stock certificate through mistake or inadvertence and could not, therefore, be guilty of conversion; and (2) that the court applied the wrong rule of law as to damages and interest in an action for conversion by assessing damages as of the date of the purchase of the new stock certificate by the appellee, and in allowing interest on that amount from May 30, 1959.
We find the first contention to be without merit. However, we agree with the second contention and hold that the trial court applied the wrong rule of damages.
The appellee contends that since this case concerns a conversion of corporate stock, the trial court properly applied the majority or "New York rule" of damages. The general rule as to damages in a conversion case is that they are to be measured by the value of the converted property at the time and place of conversion. 7 Fla.Jur., Conversion, § 23, p. 284. The New York rule, which is an exception to the general rule, provides that in cases involving the conversion of corporate stock, damages are to be assessed upon the basis of the highest market price attained within a reasonable time after the owner has had notice of conversion. See 161 A.L.R. 317, 321, and cases cited therein; see also 53 Am.Jur., Trover & Conversion, § 129. The appellee asserts that Florida's adherence to the New York rule is evidenced by the case of Scott v. National City Bank of Tampa, 107 Fla. 818, 139 So. 370, 142 So. 650, 143 So. 444, 146 So. 573, and the discussion found in 7 Fla.Jur., Conversion, § 23, at p. 285. We have examined these authorities and are unable to glean therefrom any support for the proposition that Florida has adopted or even approved the New York rule. The Scott case involved the alleged conversion of stock pledged as collateral for a bank loan. Of the above cited opinions, only those found at 142 So. 650 and 146 So. 573 contain references by the Supreme Court of Florida to the rule of damages for the alleged conversion of corporate stock. In 142 So. 650, the court simply referred to the lack of evidence "to prove the market value of the shares of stock * * * at or near the time of the alleged conversion * * *." In 146 So. 573, the court said: "In this case one of the issues to be proved by the plaintiff was the value of the corporate stock within a reasonable time after the alleged unlawful conversion of the stock by the defendant." It is apparent that the New York rule, which is predicated on the highest market value within a reasonable time after notice of the conversion, and the rule enunciated in the Scott case by the Supreme Court of this state, premised on a measure of damages within a reasonable time after conversion, are not synonymous. We hold the Florida rule to be that in a case involving the conversion of corporate stock, damages are to be measured by the value of the stock within a reasonable time after the conversion. The conversion in the case *881 sub judice occurred on August 3, 1959, when the appellant disposed of the stock by sale, and the trial court's award of damages based on the cost of the stock to the appellee more than one year thereafter was erroneous.
As to the allowance of interest, the appellee asserts that it is entitled to interest on the amount of its judgment from the date appellant received the stock  May 30, 1959. The injustice of this position would appear obvious. Interest normally attaches as an incident to a principal amount and, therefore, may only be assessed from the date the obligee becomes entitled to the principal amount. See 18 Fla.Jur., Interest, § 3.
The judgment appealed is affirmed insofar as it finds the appellant guilty of conversion. In all other respects it is reversed and the cause is remanded for the entry of a judgment in favor of the appellee based on the value of the stock at the time of its conversion by the appellant, to-wit: August 3, 1959, with interest at the lawful rate from that date until the rendition of judgment.
Affirmed in part, reversed in part, and remanded with directions.

ON PETITION FOR REHEARING AS TO COSTS
PER CURIAM.
The appellee's petition for rehearing points out the fact that this court's reversal of the summary judgment appealed appears also to have reversed the judgment for costs in the sum of $62.80. The petition is granted.
Accordingly, the last paragraph of the opinion and judgment of this court, dated April 16, 1963, is modified to read as follows:
"The judgment appealed is affirmed insofar as it found the appellant guilty of conversion and taxed costs in the sum of $62.80. In all other respects it is reversed, and the cause is remanded for the entry of a judgment in favor of the appellee based on the value of the stock at the time of its conversion by the appellant, to-wit: August 3, 1959, with interest at the lawful rate from that date until the rendition of judgment.
"Affirmed in part, reversed in part and remanded with directions."
The opinion as herein modified is adhered to.