463 So.2d 526 (1985)
METROPOLITAN DADE COUNTY, Appellant,
v.
BOUTERSE, PEREZ & FABREGAS ARCHITECTS PLANNERS, INC., Appellee.
No. 84-1253.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Robert A. Ginsburg, County Atty., and Ralph C. Rocheteau, Asst. County Atty., for appellant.
Marlow, Shofi, Smith, Connell, DeMahy & Valerius and Joseph Lowe, Miami, for appellee.
*527 Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Metropolitan Dade County (the County) appeals the award of prejudgment interest in a contract dispute. Finding error in the calculation of the award, we reverse for a determination of when progress payments were due so that an accurate award of prejudgment interest can be made.[1]
The County entered into a contract for architectural services with Bouterse, Perez and Fabregas, Architects Planners, Inc. (BPF). The agreement called for progress payments as certain phases of the project were completed. In March 1982, before work had begun on the contract, the County informed BPF that a portion of the contract had been awarded to another architectural firm. BPF sued for breach of contract and obtained a judgment for $279,249.81.[2] The trial court, finding that the breach occurred in March 1982, awarded prejudgment interest from April 1, 1982, in the amount of $73,315.31.
Prejudgment interest is to be awarded, in the case of a liquidated claim, from the date when payment is due. Jockey Club, Inc. v. Bleemer, Levine & Associates Architects & Designers, Inc., 413 So.2d 433, 434 (Fla. 3d DCA 1982); see also Parker v. Brinson Construction Co., 78 So.2d 873, 874 (Fla. 1955); Brooks v. School Board of Brevard County, 419 So.2d 659, 661 (Fla. 5th DCA 1982). Since the contract in question calls for progress payments, the total amount of prejudgment interest can only be accurately computed by: (1) determining when each progress payment would have become due if the contract had been performed as agreed; (2) calculating the interest on each progress payment from the date it would have become due; and (3) totaling the interest due on each progress payment.[3]Edward Klein Truck & Heavy Equipment Co. v. Pitman Manufacturing Co., 512 F. Supp. 101 (W.D.Pa. 1981); Jarvis v. Jarvis, 27 Ariz. App. 266, 553 P.2d 1251 (Ct.App. 1976); Recordex Corp. v. Southeastern Metal Products, Inc., 147 Ga. App. 79, 248 S.E.2d 159 (Ct.App. 1978); Dryden v. Dryden, 205 Neb. 666, 289 N.W.2d 525 (1980); Goodwin v. Upper Crust of Wyoming, Inc., 624 P.2d 1192 (Wyo. 1981). Awarding prejudgment interest from a time prior to the date any payment became due provides BPF with a windfall and unjustly penalizes the County. See Klein v. Newburger, Loeb & Co., 151 So.2d 879, 881 (Fla. 3d DCA 1963).
Accordingly, the award of prejudgment interest is reversed. The case is remanded for determination of the proper amount of prejudgment interest.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] The County also raised two other issues which we find to be without merit. Consequently, the case is affirmed in all respects, but that discussed above.
[2] The amount of the judgment itself was not appealed and is not before us.
[3] We note that for purposes of calculating the prejudgment interest any portion of the judgment which represents future progress payments earns interest only from the date of judgment. Also, the trial judge should be conscious of the amendment to section 687.01, Florida Statutes (1981), which was effective July 1, 1982, and which changed the statutory rate of interest from six per cent to twelve per cent.