678 So.2d 1304 (1996)
NATIONAL EDUCATION CENTERS, INC., a California corporation d/b/a Bauder Fashion College, Appellant/Cross-Appellee,
v.
Ira KIRKLAND, Appellee/Cross-Appellant.
Nos. 94-1837, 94-1838, 94-2858 and 94-3091.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
Rehearing Denied October 1, 1996.
*1305 Elliot H. Scherker, Miami, and Jeffrey Gilbert, Fort Lauderdale, of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., for appellant/cross-appellee.
Jerome L. Hall, Fort Lauderdale, for appellee/cross-appellant.
Rehearing En Banc Denied October 1, 1996.
DELL, Judge.
This is the second appeal in this breach of contract action. By way of background, a jury had found that National Education Centers, Inc. (appellant) had completely ceased making installment payments on an energy system. The jury awarded Ira Kirkland (appellee) all payments not received under the contract, including those past due and those that had not yet become due. The trial court entered a second amended final judgment in favor of appellee for $121,500 in damages and for costs of $3,562.07. In a separate order, the trial court awarded appellee prejudgment interest of $11,510.70, calculating the amount based upon only past-due payments over the time between each payment's due date and the jury verdict. The trial court entered another order striking appellee's demand for judgment of $100,000 offered under the 1986 version of section 768.79, Florida Statutes.
In the prior appeal, appellant challenged the amount awarded in the second amended final judgment. Appellee filed two appeals, later designated as cross-appeals: one of the order striking the demand for judgment and the other of the order awarding only $11,510.70 in prejudgment interest. This court affirmed the issues raised on cross-appeal, but reversed the amount of damages awarded. National Educ. Centers, Inc. v. Kirkland, 635 So.2d 33 (Fla. 4th DCA 1993). On rehearing, this court reconsidered its decision and affirmed the second amended final judgment "in its entirety." National Educ. Centers, Inc. v. Kirkland, 635 So.2d 33, 34 (Fla. 4th DCA 1994) (on rehearing). Appellee thereafter moved for clarification or rehearing again seeking reversal of the orders on prejudgment interest and the demand for judgment. This court denied appellee's motion.
Despite this court's affirmance and mandate, appellee on remand moved for prejudgment interest of $37,029.20, representing interest on payments past due and those due in the future. The trial court granted the motion and awarded appellee $37,029.20, with no mention of its previous prejudgment interest award. The trial court also vacated its order striking the demand for judgment. Appellee then moved for attorney's fees based upon the demand for judgment, and the trial court entered a final judgment of attorney's fees for $445,110.78.
On October 12, 1994, the trial court entered a third amended final judgment nunc pro tunc to the date of the jury verdict. The final judgment awarded the damages as found by the jury, the costs initially awarded, the newly calculated prejudgment interest and "additional costs incurred post judgment in the amount of $5,577.01."
Appellant now contends that the trial court erred when it awarded $37,109.09 as prejudgment interest, ordered disbursement of a supersedeas bond, awarded attorney's fees and entered the third amended final judgment. Appellee cross-appeals the final judgment of attorney's fees. We find no error in the order on the supersedeas bond and affirm such without further comment. For the reasons set forth below, we reverse the prejudgment interest award, the final judgment of attorney's fees and the third amended final judgment.
We agree with appellant's argument that the trial court lacked authority to modify the original prejudgment interest award. In the previous appeal, this court *1306 affirmed the $11,510.70 award of prejudgment interest. Kirkland, 635 So.2d at 33. This court also denied appellee's motion for rehearing or clarification of the opinion affirming the award of prejudgment interest. "[O]nce an appellate court affirms an order, judgment or decree, the trial court loses all authority to change, modify, nullify or evade that order, judgment or decree." Milton v. Keith, 503 So.2d 1312, 1313 (Fla.3d DCA 1987); see also Dow Corning Corp. v. Garner, 452 So.2d 1 (Fla. 4th DCA 1984). "The fact that we did not discuss one of the issues does not mean we did not affirm that issue." Sloane v. Sloane, 625 So.2d 1236, 1237 (Fla. 4th DCA 1993).
Additionally, the award of $37,109.09 in prejudgment interest contravened the law. In making this award, the trial court took the sum of all payments, both past and not yet due, and calculated interest on that total from the date appellee last made a payment to the date of the final judgment. To award prejudgment interest on payments that will come due after entry of the final judgment completely defies the underlying rationale of prejudgment interest awards. In a contract case, prejudgment interest is awarded to compensate a plaintiff's "out-of-pocket, pecuniary losses" from the date of such losses. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). In Metropolitan Dade County v. Bouterse, Perez & Fabregas Architects Planners, Inc., 463 So.2d 526 (Fla.3d DCA 1985), the Third District Court explained the correct application of prejudgment interest in cases involving a series of payments consisting of some past due and others due in the future:
Prejudgment interest is to be awarded, in the case of a liquidated claim, from the date when payment is due. Since the contract in question calls for progress payments, the total amount of prejudgment interest can only be accurately computed by: (1) determining when each progress payment would have become due if the contract had been performed as agreed; (2) calculating the interest on each progress payment from the date it would have become due; and (3) totaling the interest due on each progress payment. Awarding prejudgment interest from a time prior to the date any payment became due provides [the nonbreaching party] with a windfall and unjustly penalizes [the breaching party].
Id. at 527 (footnotes omitted) (citations omitted). The original prejudgment interest award complied with this procedure. On the other hand, the $37,109.09 award provided appellee with a windfall. Thus, we hold that the trial court erred when it awarded prejudgment interest of $37,109.09.
The trial court also erred in awarding appellee's attorney's fees. As in the case of the prejudgment interest award, this court previously affirmed the trial court's order striking the demand for judgment. See Kirkland. Therefore, the trial court did not have authority to vacate that order. See Milton. Without a demand for judgment, appellee had no basis for recovery of attorney's fees.
Parenthetically, we note that the trial court did not err when it entered its initial order striking appellee's demand for judgment. Appellee's demand for judgment relied upon section 768.79, Florida Statutes (1986). Chapter 86-160, section 58 of the Laws of Florida created section 768.79 effective on July 1, 1986. Ch. 86-160, § 70, at 763, Laws of Fla. The legislature created the statute as part of the Tort Reform and Insurance Act of 1986. Ch. 86-160, § 1, at 699, Laws of Fla. In Smith v. Department of Insurance, 507 So.2d 1080 (Fla.1987), the supreme court considered a challenge to the constitutionality of the Tort Reform and Insurance Act (Ch. 86-160) within which, as noted above, section 768.79 is included. The court recognized availability of affordable liability insurance as the primary purpose of the act. Id. at 1087. The supreme court held the act applied "only to claims for personal injury and property damage, both tort and contract." Id. The claim sub judice does not involve personal injury or property damage.
From 1986 throughout 1989, section 768.79 remained unaltered. The legislature substantially revised section 768.79 under Chapter 90-119, section 48 of the Laws of Florida. The revised version became effective October 1, 1990 and applies only to "policies or contracts issued or renewed on or after that date." Ch. 90-119, § 55, at 403, Laws of Fla. *1307 The contract sued upon at bar was not issued or renewed on or after October 1, 1990. Hence, the previous version of the statute controls our decision in this matter. The supreme court held that version applicable only to claims for personal injury or property damage. See Smith. As the instant case does not present either of these types of claims, appellee is barred from recovering attorney's fees under section 768.79. Therefore, the award of attorney's fees must be reversed. This holding necessarily renders appellee's cross-appeal moot.
Finally, the trial court erred when it amended the second amended final judgment after it had been affirmed by this court. By this amendment, the trial court included the prejudgment interest award of $37,109.09 and an additional cost award. A trial court may not amend or change a final judgment that has been affirmed by this court. See Wood v. Manatee Bay Corp., 386 So.2d 320 (Fla.2d DCA 1980). A trial court may enter a supplemental judgment, but only if it is consistent with the prior final judgment and the opinion and mandate of the appellate court. See Wood. The prejudgment interest award incorporated into the third amended final judgment conflicted with this court's opinion and mandate and thus may not be the subject of a supplemental judgment. The additional award of costs, however, may be awarded in a supplemental judgment if such remain properly awardable following this opinion.
Accordingly, we affirm the order on the supersedeas bond. We reverse the order awarding prejudgment interest, the final judgment of attorney's fees and the third amended final judgment. The original prejudgment interest award and the second amended final judgment stand. We remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GUNTHER, C.J., and STEVENSON, J., concur.