DAVIS, Judge.
Harvey Friedman and his wife, Carolyn, challenge the trial court’s order that determined the amount owed to them by Michael and Karen Olsen on a purchase of stock agreement. The Friedmans argue that the trial court improperly set the rate of interest and the date that the interest began to accrue. We agree that the court erred in revising the date that interest was to begin accruing and reverse.
The Friedmans owned fifty percent of the stock in two Florida corporations. The Olsens owned the remaining fifty percent in each corporation. In May 1990, the Friedmans and the Olsens entered into a written shareholders’ agreement by which the Friedmans granted to the Ol-sens the option to purchase the Fried-mans’ stock on or before April 25, 1995. The agreement set forth a formula for determining the purchase price and allowed the Olsens to defer payment of that price, subject, however, to the following formula for calculating interest due on the unpaid balance:
If Harvey Friedman and Carolyn Friedman and Michael and Karen Olsen agree that any part of the purchase price is not due and payable immediately upon the effective date of the transfer of shares, then interest shall accrue upon the total amount due and owing at a rate of ten percent (10%) per annum, with the principal amount of the purchase price plus total interest to be paid in full thereon by no later than five (5) years from the effective date of the transfer of the shares.
On April 24, 1995, the Olsens notified the Friedmans by letter that they had accepted the offer on the option to purchase and would calculate the purchase price pursuant to ■ the agreement. As a consequence, the Friedmans canceled their stock and had it reissued to the Olsens effective April 26, 1995. In May, the Ol-sens notified the Friedmans that they had calculated the purchase price based on their understanding of the formula specified in the agreement. However, the Friedmans disagreed as to the calculation of the purchase price. The Olsens then filed an action seeking a declaratory judgment that would determine the rights of the parties under the agreement.
The trial court entered its order on July 6, 1999, finding that the proper purchase price for the stock, based on the formula specified in the agreement, was $82,197.13. The trial court further found that, in addition to this purchase price, the agreement called for the payment of “interest at the rate of 10% per annum from April 25, 1995 through the date of payment [of the purchase price], which shall be on or before *980 April 24, 2000.”[1]
Arguing that the trial court had failed to properly follow the formula specified in the agreement, the Friedmans appealed. See Friedman v. Olsen, 761 So.2d 1251 (Fla. 2d DCA 2000). This court concluded that the trial court had indeed erred in calculating the purchase price and accordingly reversed and remanded “for recalculation of the purchase price for the stock. In all other respects the final judgment is affirmed.” On remand, the trial court recalculated the purchase price, finding that the correct purchase price was $164,384.00. However, the trial court also inexplicably determined that interest was to be paid at the statutory rate commencing July 6, 1999, the date of the entry of the original declaratory decree. It is this finding as to interest that is the subject of this appeal.
We are compelled to reverse the trial court’s interest accrual date determination because our review of the record discloses that the Olsens acknowledged in their sworn motion for summary declaratory relief that interest was to be computed on the purchase price beginning April 24, 1995: “The amount due Harvey Friedman and Carolyn Friedman for their shares in H.F. and M.K.O., Inc., is $68,694.00 plus interest at ten percent per annum from April 24, 1995.” (Emphasis added.) In other words, as of the time that the original declaratory decree was entered, the Olsens acknowledged under oath that the agreement called for interest at the rate of ten percent per annum with a commencement date of April 24,1995.
The trial court, in its original final order, had agreed with the Olsens, finding that the agreement called for interest to accrue at the rate of ten percent per annum commencing April 25, 1995. Not only did the trial court accept the Olsens’ interpretation of the interest term of the agreement as alleged in their motion for summary judgment, this court affirmed that finding on appeal. Friedman, 761 So.2d 1251. In fact, in the dispository section of this court’s opinion remanding for recalculation of the purchase price, we plainly stated: “In all other respects the final judgment is affirmed.” Friedman, 761 So.2d at 1252.
As a result, this court granted the trial court authority only to recalculate the purchase price, not to alter the interest accrual date. Thus, the trial court on remand lacked authority to modify the original interest accrual date determination. See Nat’l Educ. Ctrs., Inc. v. Kirkland, 678 So.2d 1304 (Fla. 4th DCA 1996).
Accordingly, we reverse and remand with instructions that the trial court enter an amended final judgment reinstating the original provision, which specified that interest would accrue at the rate of 10 percent per annum from April 25, 1995, through the date of payment.
Reversed and remanded.
PARKER, A.C.J., and SILBERMAN, J., Concur.

. The reason for the use of April 25, 1995, instead of April 24, 1995, is not clear from the record, but it is of no significant consequence.