SHAHOOD, GEORGE A., Senior Judge.
 

 Appellant, The Keyes Company, was the Real Estate Broker and the holder of a $25,000 earnest money deposit in a contract for Purchase and Sale of real estate. Appellee and cross-appellant, Anne Marie Spencer, was the buyer under the contract. Patricia DiGiacomo was the seller. When the contract failed to close, both the buyer and the seller claimed the deposit money, and appellant asserted that it was entitled to deduct a Broker’s commission from those funds. As the holder of the deposit, appellant exercised its contractual option to file an arbitration action in the nature of interpleader.
 

 The arbitrator ruled that neither the buyer nor the seller had defaulted because the contract had been cancelled pursuant to its terms. He awarded $9,116.80 in costs for the interpleader proceeding, which included the holder’s attorney’s fees to appellant. He did not award appellant a commission nor did he designate a prevailing party or award prevailing party costs. After the trial court entered judgment confirming the award, Spencer filed a motion under Florida Rule of Civil Procedure 1.540(b), asking the trial court to amend its judgment and award her prevailing party attorney’s fees and costs in the arbitration action and prejudgment interest. The trial court granted the motion and ultimately awarded Spencer costs and fees against appellant in the amount of $18,107.81. It did not award Spencer prejudgment interest or prevailing party costs. Appellant appealed the award of attorney’s fees. We reverse the award of fees.
 

 Spencer cross-appealed the failure to award prejudgment interest and prevailing party costs. We affirm the denial of costs and reverse the failure to award prejudgment interest on the arbitration award.
 

 With respect to the award of attorney’s fees to Spencer, Spencer waived her right to have the court modify the arbitration award and award fees. She had three opportunities to seek modification or clarification of the award.
 
 A-1 Duran Roofing, Inc. v. Select Contracting, Inc.,
 
 865 So.2d 601, 604 (Fla. 4th DCA 2004) (“[A] party desiring changes to the arbitration award is required to seek timely modification or clarification from either the arbitrator, pursuant to section 682.10, or the court, pursuant to sections 682.13 or 682.14....”). She filed a timely motion to correct the award in which she asked the arbitrator to award her prevailing party fees and costs. § 682.10, Fla. Stat. (2007). The arbitrator denied that motion on the ground that he had properly decided those issues. The trial court then confirmed the award, and' Spencer did not file motions to vacate or modify the award within ninety
 
 *215
 
 days of its entry, as required by sections 682.13(2) and 682.14(1), Florida Statutes (2007). As a result, the trial court erred in later granting Spencer fees against appellant Keyes. We reverse that portion of the award.
 

 As this court has explained, “[rjeview of arbitration proceedings is extremely limited. A high degree of conclusiveness attaches to an arbitration award because the parties themselves have chosen to go this route in order to avoid the expense and delay of litigation.”
 
 Davenport v. Dimitrijevic,
 
 857 So.2d 957, 961 (Fla. 4th DCA 2003) (citations omitted).
 

 On cross-appeal, we also reverse the denial of prejudgment interest to Spencer. In its Amended Final Judgment Confirming Arbitration Award and its order granting the Buyer’s Motion to Correct Final Judgment Confirming Arbitration Award, the trial court denied Spencer’s request for prejudgment interest with the explanation that “the total amount owed to Plaintiff has not been liquidated.”
 

 The general rule is that on an action
 
 ex contractu,
 
 the person to whom the debt is due is entitled to interest at the legal rate from the date the debt was due, even where (unlike here) there is a bona fide dispute as to the amount or the obligation to pay.
 
 Nationwide Mutual Insurance Company v. Griffin,
 
 222 So.2d 754 (Fla. 4th DCA 1969);
 
 English and American Insurance Company v. Swain Groves, Inc.,
 
 218 So.2d 453 (Fla. 4th DCA 1969). Once a verdict liquidates damages as of a date certain, computation of prejudgment interest is merely a mathematical computation and is an element of damages as a matter of law, to be calculated at the statutory rate in effect at the time the interest accrues.
 
 Argonaut Insurance Company v. May Plumbing Company, et al.,
 
 474 So.2d 212 (Fla.1985).
 

 Ray v. Travelers Ins. Co.,
 
 477 So.2d 634, 636 (Fla. 5th DCA 1985).
 

 Spencer argues that she is entitled to interest on the amount of the deposit that she recovered in the arbitration award from the date of the arbitration award, which was September 5, 2006. We agree.
 

 The law governing this issue was set out in
 
 Okun v. Litwin Securities, Inc.,
 
 652 So.2d 387, 388-89 (Fla. 3d DCA 1995), as follows:
 

 Prejudgment interest must be awarded, where the claim is liquidated, from the date when payment of the claim is due.
 
 Metropolitan Dade County v. Bouterse, Perez, & Fabregas Architects, Inc.,
 
 463 So.2d 526 (Fla. 3d DCA 1985). An arbitration award is akin to a verdict,
 
 see U.S.A.A. v. Smith,
 
 527 So.2d 281 (Fla. 1st DCA 1988), and once an arbitration award is confirmed by the court it becomes, like a verdict, the judgment of that court and interest on that judgment runs from date of its entry until satisfaction of same. The trial court may not award interest which predates an arbitration award.
 

 ... The arbitration award liquidated the amount owed the Okuns and Braun-stein from the date of its entry until that award was reduced to judgment, thus prejudgment interest was not only proper but was required.
 

 (citations omitted).
 

 Accordingly, we hold the trial court erred in its order denying Spencer prejudgment interest as well as in its award of attorney’s fees to Spencer. We reverse as to those issues and affirm as to all other issues raised.
 

 
 *216
 

 Affirmed in Part; Reversed, in Part and Remanded.
 

 WARNER and HAZOURI, JJ., concur.