CIKLIN, J.
Anne Marie Spencer appeals the trial court’s order which contained a satisfaction of a judgment held by Spencer. We reverse the court-issued satisfaction of judgment because it was promulgated while a prior appeal in this case was pending before this court (the “first appeal”). In that the trial court was divested of jurisdiction during the time that we were considering the first appeal, the satisfaction must be vacated.
After an arbitrator found that Spencer, the buyer in a real estate transaction, was entitled to a return of her deposit from Patricia DiGiacomo, the seller, and The Keyes Company, the deposit holder, the trial court confirmed the award by converting it to a final judgment. The trial court, however, did not include prejudgment interest in the final judgment. DiGiacomo and The Keyes Company appealed the final judgment, and Spencer cross-appealed, arguing that prejudgment interest should have been included. See Keyes Co. v. Spencer, 16 So.3d 213 (Fla. 4th DCA 2009).
While the first appeal was working its way through this court, pleadings and contentious hearings continued to proliferate in the trial court below. Apparently, The Keyes Company made payments to Spencer, and believing that the final judgment had been satisfied by these payments, filed multiple motions with the trial court attempting to obtain a satisfaction of judgment. Ultimately the trial court, despite the fact that the first appeal was pending in this court, granted one of the motions and issued a satisfaction of judgment.
We start with the general rule that a trial court loses jurisdiction over a pro *94 ceeding after a notice of appeal has been filed, with a few limited exceptions. See, e.g., Schultz v. Schiclcedanz, 884 So.2d 422, 424 (Fla. 4th DCA 2004) (“A trial court is divested of jurisdiction upon notice of appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court.”) (citation and internal quotation marks omitted).
“[A] facially valid satisfaction is a complete bar to any effort to alter or amend the final judgment.” Morris North Am., Inc. v. King, 430 So.2d 592, 593 (Fla. 4th DCA 1983). Additionally,
[a]n unconditional satisfaction and release of judgment operates as a total relinquishment of all rights of the judgment creditor in the judgment; it is a complete discharge of the debt created by the judgment and a complete surrender of the judgment creditor’s rights in the judgment, including the right to challenge the judgment on appeal and seek a judgment in excess of the amounts awarded in the trial court’s judgment.
Challenger Inv. Group, LC v. Jones, 20 So.3d 941, 944 (Fla. 3d DCA 2009) (quoting 47 Am.Jur.2d Judgments § 807, at 384-85 (2006)) (emphasis added).
In this case, the trial court issued the subject satisfaction of judgment while the first appeal, which encompassed the issue of prejudgment interest, was pending. Because the satisfaction of judgment signaled that the judgment had been satisfied and operated as a complete surrender of the right to appeal (and therein seek a higher amount including prejudgment interest), the trial court was without jurisdiction to do what it did.[1]
As such, we vacate the trial court’s order of satisfaction of judgment and remand with instructions to the trial court that it calculate prejudgment interest based on our previous holding, Keyes Co., 16 So.3d at 215, and amend the final judgment to include this amount.
The other points on appeal raised by Spencer have been carefully considered and found to be without merit.

Reversed and remanded for further proceedings consistent with this opinion.

POLEN and LEVINE, JJ., concur.

. As a matter of fact, this court in its opinion addressing the issues raised in the first appeal found that the trial court had erred when it denied Spencer the prejudgment interest to which she was entitled. We reversed and remanded the matter with instructions to make the mathematical computation. Keyes Co., 16 So.3d at 215.