DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARNE LANGSETMO,**
Appellant,

v.

**KRISTEN MARIE METZA,**
Appellee.

No. 4D21-717

[March 9, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Steven J. Levin, Judge; L.T. Case No. 17-901-DR.

Jessica M. Vanvalkenburgh of McCarthy, Summers, Wood, Norman, Melby & Schultz, P.A., Stuart, for appellant.

Karen O'Brien Steger of Steger Law, Stuart, for appellee.

KLINGENSMITH, J.

Arne Langsetmo ("Former Husband") appeals the trial court's order denying his exceptions and ratifying the general magistrate's recommended order that denied Former Husband's motion for contempt and enforcement against Kristin Marie Metza ("Former Wife"). We affirm without comment on all issues but one: whether the trial court erred in denying Former Husband's exceptions to the magistrate's recommended order as to the award of statutory interest. On that issue, we reverse.

The parties entered into a postnuptial agreement that required Former Wife to pay Former Husband $250,000.00 and $5,000.00 within seven days of the execution of the agreement on January 11, 2017. On February 28, 2018, Former Husband moved for contempt, alleging Former Wife failed to pay the full $250,000.00 owed under the postnuptial agreement. At the hearing on the motion, Former Husband testified Former Wife had paid him $9,000.00 in cash and $46,000.00 by check on January 12, 2017. He also testified that in November 2017 Former Wife transferred $175,000.00 into a new bank account for him. These payments left an outstanding balance of $25,000.00.

The magistrate's recommended order granted Former Husband's motion to enforce payment of the outstanding $25,000.00. The magistrate assessed prejudgment interest on that amount at the statutory rate of 5.53 percent from February 28, 2018, through October 19, 2018, totaling $882.52 in interest. Former Husband timely filed exceptions to the recommended order, arguing the order only provided statutory interest from the date his motion for contempt was filed, rather than the date of the loss when Former Wife failed to pay the full $250,000.00 owed.

The trial court initially denied Former Husband's exceptions based on his failure to provide the transcript. After we reversed and remanded the case back to the trial court following an appeal, the trial court ratified the magistrate's recommended order in its entirety and denied Former Husband's exceptions. Former Husband now appeals that order, claiming the trial court improperly ratified the magistrate's calculation of the amount of statutory interest owed to him. He further argues he should receive interest based on $175,000.00 for the nine months that amount was outstanding before receiving interest on the remaining $25,000.00. We agree.

"The appellate court 'will review de novo the trial court's decision that the findings of fact . . . are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness.'" *Glaister v. Glaister*, 137 So. 3d 513, 516 (Fla. 4th DCA 2014) (quoting *In re Drummond*, 69 So. 3d 1054, 1057 (Fla. 2d DCA 2011)). "This court reviews the trial court's decision to accept or reject the magistrate's conclusions under the abuse of discretion standard." *In re Drummond*, 69 So. 3d at 1057.

When no specific contractual provision provides the rate of interest to be assessed on a judgment, the statute governing the interest on judgments, section 55.03, Florida Statutes, sets the rate of interest. *See* § 687.01, Fla. Stat. (2021); *Genser v. Reef Condo. Ass'n*, 100 So. 3d 760, 762 (Fla. 4th DCA 2012) ("Courts apply the statutory judgment interest rate from the date of loss or entitlement under section 55.03 for purposes of calculation of pre-judgment interest."). "The general rule is that . . . the person to whom the debt is due is entitled to interest at the legal rate from the date the debt was due . . . ." *Keyes Co. v. Spencer*, 16 So. 3d 213, 215 (Fla. 4th DCA 2009) (quoting *Ray v. Travelers Ins. Co.*, 477 So. 2d 634, 636 (Fla. 5th DCA 1985)).

"[P]rejudgment interest is awarded to compensate a plaintiff's 'out-of-pocket, pecuniary losses' from the date of such losses." *Nat'l Educ. Ctrs., Inc. v. Kirkland*, 678 So. 2d 1304, 1306 (Fla. 4th DCA 1996) (quoting

*Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). "Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor." *Argonaut*, 474 So. 2d at 215. "[I]t is proper to allow interest at the legal rate from the date the debt was due." *Nationwide Mut. Ins. Co. v. Griffin*, 222 So. 2d 754, 756 (Fla. 4th DCA 1969) (finding the interest was properly computed from the date the debt was due "rather than from the date of the judgment in favor of the plaintiff"); *Berloni S.p.A. v. Della Casa, LLC*, 972 So. 2d 1007, 1011 (Fla. 4th DCA 2008) (quoting *Celotex Corp. v. Buildex, Inc.*, 476 So. 2d 294, 295 (Fla. 3d DCA 1985)) ("[I]nterest should be awarded from the date the payment was due."). "[O]nce damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss." *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 47 (Fla. 1988).

In cases where the application of prejudgment interest involves a series of payments consisting of some past due, the amount of prejudgment interest is to be "accurately computed by: (1) determining when each progress payment would have become due if the contract had been performed as agreed; (2) calculating the interest on each progress payment from the date it would have become due; and (3) totaling the interest due on each progress payment." *Kirkland*, 678 So. 2d at 1306 (quoting *Metropolitan Dade Cnty. v. Bouterse, Perez & Fabregas Architects Planners, Inc.*, 463 So. 2d 526, 527 (Fla. 3d DCA 1985)).

Although Former Husband did not move for enforcement until February 2018, the money Former Wife owed him under the postnuptial agreement became due seven days after its execution. The interest owed to Former Husband under the statutory provision should have been calculated using the date of his loss because interest should be awarded from the date the payment was due. *See Griffin*, 222 So. 2d at 756; *Berloni*, 972 So. 2d at 1011.

When calculating the interest due from a series of payments, the interest is calculated based on each progressive payment. *See Kirkland*, 678 So. 2d at 1306. Although the postnuptial agreement required Former Wife to pay a one-time equitable distribution payment—rather than a series of payments—her failure to pay by the due date left various outstanding balances. The calculation of interest should have taken into consideration the interest accrued on the $175,000.00 outstanding balance from the date of the loss until Former Wife's payment on November 14, 2017, and then added that amount to the interest accrued on the remaining $25,000.00. *See id.*; *Argonaut*, 474 So. 2d at 215. This would

3

have compensated Former Husband and made him whole from the date payment was due rather than the date he notified the court of nonpayment.

Former Wife argues the magistrate appropriately used February 28, 2018, as the date for calculating interest because that was the date when Former Husband demanded the remaining funds. She also argues that in her testimony she stated she would have paid on time, but Former Husband told her he did not need the money all at once and refused on multiple occasions to tell her where to deposit the funds. However, nothing in the court's order indicates that its decision on when interest began to accrue was based on Former Wife's reliance on Former Husband's words or actions. *Flack v. Graham*, 461 So. 2d 82, 83 (Fla. 1984) (quoting *Bd. of Comm'rs of Jackson Cnty. v. United States*, 308 U.S. 343, 352 (1939) (finding prejudgment interest may be "given in response to considerations of fairness. It is denied when its exaction would be inequitable.").

We therefore reverse on this issue and remand to re-calculate the statutory interest owed to Former Husband in accordance with this opinion. We affirm on all other issues.

*Affirmed in part, reversed in part, and remanded with instructions.*

KUNTZ and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

4