# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2216
Lower Tribunal No. 07-15687
_____

**Marcia Stivelman,**
Appellant,

vs.

**Jacques Claudio Stivelman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Lorenzen Law, P.A., and Dirk Lorenzen, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass, (Fort Lauderdale), for appellee.

Before EMAS, SCALES and HENDON, JJ.

SCALES, J.

Appellant Marcia Stivelman ("Former Wife") appeals a November 30, 2022 order of the trial court granting the motion of appellee Jacques C. Stivelman ("Former Husband") for a setoff of Former Husband's monthly alimony payments against a debt that Former Wife owed and failed to pay Former Husband ("setoff order"). Upon careful consideration, we vacate the setoff order because the lower court lacked case jurisdiction to enter this challenged order.

On July 5, 2021, Former Wife filed an appeal in this Court challenging: (i) a January 7, 2021 order modifying the alimony obligation of Former Husband ("modification order"); and (ii) a related June 10, 2021 order concluding that the alimony modification would be retroactive ("retroactivity order") (Case No. 3D21-1404; "Stivelman I"). The retroactivity order contained language, whereby it appears the trial court sought to reserve jurisdiction to quantify the amount of retroactive alimony to be awarded.[1]

_____

[1] The retroactivity order contains the following language: ["T]he Court directs the Former Husband to calculate the retroactive amount relative to his overpayment of alimony based on this Court's . . . [modification order]. Once the retroactive amounts are calculated, the Court directs the Former Husband to include the amount in a Notice of Filing so the Court may amend the . . . [modification order]." The trial court's language plainly envisions further judicial labor, thus it is possible that neither the alimony order nor the retroactivity order was an appealable final order. S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the

2

On July 6, 2021, the day after Former Wife filed her Stivelman I notice of appeal, the trial court entered an order quantifying the amount of retroactive alimony due as $410,756.56 ($375,226.36, plus $35,531.20 in accrued interest) ("quantification order").

Notwithstanding what appears to be the trial court's attempt, in the retroactivity order, to "reserve jurisdiction" to enter the quantification order, in all likelihood, Former Wife's filing of her July 5, 2021 notice of appeal (challenging the modification order and the retroactivity order) deprived the lower court of case jurisdiction to enter the quantification order. See Spencer v. DiGiacomo, 56 So. 3d 92, 93-94 (Fla. 4th DCA 2011) (holding that a trial court loses jurisdiction after a notice of appeal has been filed, with limited exceptions). Neither party requested the Stivelman I Court to relinquish jurisdiction to allow the trial court to enter the quantification order. As outlined below, (and referenced in footnote 1, above), however, this jurisdictional issue was likely rendered moot by our decision in Stivelman I.

While Stivelman I was pending in this Court, the trial court, albeit without jurisdiction to do so, continued to adjudicate matters that are

cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected."). As discussed below, though, this issue was rendered moot by our Stivelman I holding.

inextricably intertwined with, and dependent upon, the modification order and retroactivity order that were under review in Stivelman I. Specifically, on November 30, 2022, the trial court rendered the setoff order that is the subject of this appeal (Case No. 3D22-2216; "Stivelman II"). The setoff order requires Former Wife to pay Former Husband the alimony amount adjudicated in the quantification order by way of setoffs from future alimony payments due from Former Husband to Former Wife. On December 23, 2022, Former Wife filed her notice of appeal of the setoff order.

On February 8, 2023, we rendered our opinion in Stivelman I, and reversed both the modification order and the retroactivity order because neither order contained the findings mandated by Section 61.08 of the Florida Statutes (2021). Stivelman v. Stivelman, 355 So. 3d 1021, 1023 (Fla. 3d DCA 2023). Because of our Stivelman I holding, we did not reach Former Wife's arguments on the merits.[2]  We remanded the case for further

---

[2]  Our Stivelman I opinion inadvertently characterized the appealed retroactivity order as having "awarded Former Husband $375,225.36, representing the alimony overpayment, plus prejudgment interest, for a total of $410,756.56." Id. at 1022. As stated, *supra*, though, the trial court's quantification of the retroactive alimony amount did not occur until the rendering of the quantification order, an order rendered after the Stivelman I notice of appeal was filed. While Former Wife purported to include the quantification order in the Stivelman I appeal – by virtue of a July 20, 2021 amended notice of appeal identifying the quantification order as a challenged order – because of our Stivelman I holding, this Court never reviewed the quantification order.

4

proceedings in the lower court consistent with Stivelman I. Id. at 1023. Neither party sought rehearing, and this Court's Stivelman I mandate issued on February 24, 2023. Hence, it was not until February 24, 2023, that the trial court regained case jurisdiction to decide issues related to the orders challenged in Stivelman I.  See Anton v. State, 976 So. 2d 6, 8 (Fla. 2d DCA 2008) ("Under Florida law, it is appellate court action – i.e., the issuance of the mandate – that returns jurisdiction to the trial court.").

Former Wife filed her Stivelman II initial brief on January 3, 2023, Former Husband's filed his answer brief on June 7, 2023, and Former Wife filed her reply brief on July 6, 2023. The case is now fully briefed and before the merits panel.

We do not, though, reach the merits of the trial court's entry of the setoff order. We are compelled, rather, to vacate the setoff order, because Former Wife's July 5, 2021 notice of appeal in Stivelman I divested the trial court of case jurisdiction to further adjudicate the challenged setoff order. See Herbits v. City of Miami, 197 So. 3d 575, 579 (Fla. 3d DCA 2016) (holding that, because a notice of appeal divested the trial court of jurisdiction, any subsequent order was null and void).[3]

---

[3] In Stivelman II, on March 9, 2023, shortly after the Stivelman I mandate was issued, Former Wife unsuccessfully sought to have this Court relinquish jurisdiction to allow the trial court to vacate the setoff order in light of our

The instant case's muddled procedural history provides the precise rationale for this rule. Obviously, given our reversal in <u>Stivelman I</u> of both the modification order and the retroactivity order, any appellate review of the setoff order (or the quantification order) would be conditional, at best, and at worse, a prohibited advisory opinion. <u>See</u> <u>Younkin v. Blackwelder</u>, 331 So. 3d 686, 689 (Fla. 2021).

The lower court docket reveals that the trial court has not yet, on remand from <u>Stivelman I</u>, entered new modification or retroactivity orders; and, the trial court may, in fact, revisit its earlier adjudications of the motions that resulted in those orders. An affirmance or a reversal opinion of the setoff order issued at this time by this Court could improperly influence the trial court's consideration of the precursor issues that the trial court must revisit based on our <u>Stivelman I</u> remand instructions. Similarly, from a practical perspective, those precursor issues should be adjudicated on remand from <u>Stivelman I</u> by the trial court before a subsequent, interdependent issue (setoff) is adjudicated by this Court. Indeed, the trial court's adjudication of such issues could change the parameters of the parties' subsequent

<u>Stivelman I</u> decision. We note the irony in our ultimately granting, albeit for different reasons and on different grounds, the same relief (vacatur of the challenged setoff order) that Former Wife sought earlier in this appellate proceeding.

6

arguments, or altogether moot a subsequent appeal.[4] We, therefore, vacate

the setoff order.

     So ordered.

---

[4] Again, we express no opinion on the merits of the arguments made by the parties in <u>Stivelman I</u>. Similarly, we express no opinion on the merits of the parties' arguments in <u>Stivelman II</u>.